**Alvin FREEDMAN, Appellant,**

**v.**

**AMERICAN EXPORT ISBRANDTSEN LINES, INC.**

**No. 19359.**

United States Court of Appeals, Third Circuit.

Argued Sept. 17, 1971.

Decided Nov. 9, 1971.

Alvin Freedman, pro se.

S. Gordon Elkins, Philadelphia, Pa., (Stradley, Ronon, Stevens & Young, Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, ADAMS and ROSENN, Circuit Judges.

**158**

## OPINION OF THE COURT

**PER CURIAM:**

This is an appeal from an order of the United States District Court for the Eastern District of Pennsylvania, in the second of two identical actions, granting defendant's motion for summary judgment and dismissing the complaint with prejudice.

The appellant, a seaman, had originally filed a Libel pro se against the appellee in the United States District Court for the Southern District of New York on July 18, 1963, charging that the shipowner had not paid him all his earned wages in connection with his service aboard its vessel, the S.S. Export Aide, for a voyage which ended October 27, 1961. The seaman claimed double pay under 46 U.S.C. § 596 and sought judgment in the amount of $75,000.00. On December 8, 1967, the United States District Court for the Southern District of New York ordered that the action be dismissed under Federal Rule of Civil Procedure 41(b) with prejudice. Alvin Freedman v. American Export Isbrandtsen Lines, Inc., No. 63 Ad. 809, S.D.N.Y., Dec. 8, 1967.

On October 24, 1967, the appellant filed a complaint pro se in the United States District Court for the Eastern District of Pennsylvania which contained the same allegations and requested the same relief as had the previous action in the Southern District of New York. The appellee shipowner filed a motion for summary judgment on the ground that there had been a prior adjudication of the matter on the merits. The issue thus raised is whether the doctrine of res judicata applies.

■ The appellant argues that in the case *sub judice* he should not be barred from bringing this second suit by the order of dismissal in the Southern District of New York because he was unavailable for trial when that case was called since he was under institutional medical treatment with the United States Veterans Administration. Further, he argues that he had no notice that his case had been called for trial. If this be true, he should have pursued his remedies in the Southern District of New York instead of instituting another suit in the Eastern District of Pennsylvania.

■ It is unfortunate that appellant has not sought the advice of counsel and thereby avoided the expense, time and effort to which he has subjected himself and others. Since this proceeding seeks a relitigation of the same cause of action that was before the District Court in the Southern District of New York, a dismissal of the first action with prejudice is a complete adjudication of the issues presented by the pleadings and bars further action between the parties. Panza v. Armco Steel Corp., 316 F.2d 69 (3rd Cir. 1963), cert. den'd 375 U.S. 897, 84 S.Ct. 174, 11 L.Ed.2d 125.

The order of the district court will be affirmed.