Michael A. **MARTINSON,** Plaintiff and Appellant,

v.

Walter **RAUGUTT,** in his official capacity as Sheriff of Dickey County, and First National Bank of Oakes, North Dakota, a corporation, Defendants and Appellees.

Civ. No. 10917.

Supreme Court of North Dakota.

Aug. 15, 1985.

Michael A. Martinson, Guelph, pro se.

James N. Purdy, State's Atty., Ellendale, for defendant and appellee Walter Raugutt. No appearance or brief.

Roger J. Minch, of Serkland, Lundberg, Erickson, Marcil & McLean, Fargo, for defendant and appellee First Nat. Bank of Oakes.

VANDE WALLE, Justice.

Michael A. Martinson, acting pro se, has appealed from a judgment [1] and an order

---

1. This is the second time this case has been before us. In *Martinson v. Raugutt,* 346 N.W.2d 289 (N.D.1984), we dismissed Martinson's appeal because the judgment appealed from left the Bank's counterclaims unresolved and no Rule 54(b), N.D.R.Civ.P., certification had been made. The district court has since dismissed the Bank's counterclaims. The Bank has not cross-appealed.

which authorized the Sheriff of Dickey County to issue a sheriff's deed to 640 acres of land to the First National Bank of Oakes [Bank]; directed the Dickey County Register of Deeds to cancel a notice of lis pendens; and dismissed Martinson's post-trial motions. We affirm.

On August 5, 1975, Martinson's father, John Martinson, and Oscar Martinson obtained by warranty deed the 640 acres of Dickey County property at issue in this case. In October 1978, John Martinson and Linda Martinson gave the Bank a mortgage to the property in order to secure a promissory note in the amount of $120,000. Because the Martinsons failed to pay the 1977 real estate taxes on the land, a tax sale was held on December 12, 1978, and the county obtained a tax-sale certificate.

The Martinsons defaulted on the promissory note and the Bank brought an action to foreclose the mortgage. A judgment of foreclosure was entered in December 1980, and the property was sold at a public auction to the Bank for $136,189.16 on February 17, 1981, after which the Bank received a sheriff's certificate of sale on foreclosure. The Martinsons retained a statutory right to redeem the property within one year of the sale, or by February 17, 1982. Section 28–24–02, N.D.C.C.

On October 17, 1981, the Martinsons filed for relief under Chapter 11 of the United States Bankruptcy Code. An issue arose in the Federal courts regarding whether or not the automatic-stay provisions of 11 U.S.C. § 362(a) operated to suspend the running of the one-year redemption period. The Eighth Circuit Court of Appeals ultimately determined that the redemption period was not suspended and that the Martinsons' right to redeem the property terminated on February 17, 1982. *In re Martinson*, 731 F.2d 543 (8th Cir.1984). The Martinsons never redeemed the property from the foreclosure sale.

John Martinson paid the county $1,645.04 for the delinquent 1977 real estate taxes on September 22, 1982, and assigned the tax-sale certificate to his son, Michael, the appellant in this case. The county published a notice of expiration of period of redemp-

tion on January 6, 13, and 20, 1983. The notice indicated that the holder of the tax-sale certificate would receive a deed to the property unless the amount required to redeem was paid within 90 days from the date of the last notice by publication, or April 20, 1983. Section 57–26–01, N.D.C.C. The Bank redeemed Martinson's tax-sale certificate on April 6, 1983, in accordance with § 57–26–03, N.D.C.C.

■ If we strain to find a legal issue presented in this appeal, it is whether or not the Bank had an interest in the mortgaged property sufficient to support its redemption of the tax-sale certificate.

Section 57–26–02(1), N.D.C.C., provides: *"57–26–02. Who may redeem.* Redemption from tax sale may be made by: "1. Any person or corporation having an interest in the real estate sold, whether such interest existed at the time of sale or was acquired thereafter; ..."

The Bank clearly had an "interest in the real estate sold" in this case. The Bank's interest consisted of the money it loaned to Martinson's father secured by a mortgage on the real estate for which the Bank eventually received a sheriff's certificate of sale on foreclosure. Indeed, the Bank as mortgagee was required to redeem or it would have lost all of its interest in the property. *See H & F Hogs v. Huwe*, 368 N.W.2d 553 (N.D.1985). We conclude that the Bank's interest in the property was sufficient to support its redemption of the tax-sale certificate.

The remainder of the issues raised by Martinson in this appeal are rendered either moot or without merit by virtue of the Eighth Circuit Court of Appeals' holding in *In re Martinson, supra,* that the Martinsons' right to redeem the mortgaged property expired on February 17, 1982.

■ The Bank contends that Martinson's appeal is frivolous and requests double costs and reasonable attorney fees pursuant to Rule 38, N.D.R.App.P. We agree that Martinson's arguments are "so devoid of merit that he should have been aware of

the impossibility of his success on appeal." *Mitchell v. Preusse*, 358 N.W.2d 511, 514 (N.D.1984). Under the circumstances, we grant the Bank's request for double costs, but do not award attorney fees.

The judgment and order are affirmed.

ERICKSTAD, C.J., GIERKE and MESCHKE, JJ., and PEDERSON, Surrogate Justice, concur.

PEDERSON, Surrogate Justice, sitting in place of LEVINE, J., disqualified.