In the Matter of the **ESTATES OF Emil GUSTAFSON and Amy Gustafson, Deceased.**

**Elaine GUSTAFSON, Petitioner and Appellant,**

v.

**John GUSTAFSON, Stanley Gustafson, Jacqueline Weisenberger, and Liberty National Bank and Trust Company, Respondents and Appellees.**

**Civ. No. 11047.**

Supreme Court of North Dakota.

Jan. 31, 1986.

---

Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, for petitioner and appellant; argued by Gregory C. Larson.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for respondents and appellees; argued by Gordon W. Schnell.

ERICKSTAD, Chief Justice.

Elaine Gustafson appeals from the county court order denying her petition for rehearing and awarding attorney's fees to respondents. We affirm in part, reverse in part, and remand.

Elaine, along with her brothers Stanley Gustafson and John Gustafson and her sister Jacqueline Weisenberger are the children of Amy Gustafson and Emil Gustafson.

Emil died November 3, 1971, naming in his will his wife Amy, and their children Elaine, Stanley, John, and Jacqueline as beneficiaries. After some delay in the probate proceedings, an agreement for distribution was entered into on October 16, 1982. The agreement for distribution provided that certain land in the estate be surveyed, appraised, and divided into four units of equal value, one unit to be selected by each of Emil's four children. After the land was divided and appraised, and after each of the four children had an opportunity to inspect the individual units, the distribution of the units was agreed to in writing by each of the four children. Elaine selected unit # 2.

Amy died on November 22, 1983. In her will, Amy named her four children Elaine, Stanley, John and Jacqueline as beneficiaries. Liberty National Bank and Trust Company was appointed personal representative of Amy's estate and successor personal representative of Emil's estate.

On February 16, 1984, the four heirs agreed in writing to reimburse Elaine for attorney's fees and other expenses she paid for the benefit of Amy's estate. On July 26, 1984, and September 27, 1984, letters were sent to the four heirs requesting responses to certain matters in the estates of Amy and Emil which remained unresolved. One of the unresolved matters involved

Elaine's questioning of the assessed value of unit #2 which she had selected. In order to resolve this matter, Jacqueline, Stanley, and John proposed that Elaine receive an adjustment of $2,000. Elaine did not respond to this proposal.

Enclosed with the letters of September 27 were copies of tentative final reports and accounts in both Amy's and Emil's estates. The proposed final report and account of Amy's estate indicated the attorney's fees paid by Elaine for the benefit of Amy's estate, and to be reimbursed to Elaine pursuant to the February 16, 1984, agreement, totalled $8,000.40. Elaine did not submit any figure for other expenses and thus no reimbursement for expenses was included in the proposed final report and account of Amy's estate. The total amount of reimbursement for attorney's fees and lack of reimbursement for other expenses was not challenged by Elaine at this time.

A "Petition for Settlement of Final Report and Account and Approval and Confirmation of Distribution" and a notice indicating that a hearing was scheduled for April 23, 1985, was mailed to the four heirs and Elaine's attorney on April 5, 1985. The notice sent to Elaine was addressed to: P.O. Box 185, Golden Valley, North Dakota 58541. This was the address used by Liberty for all other correspondence with Elaine and was also used by Elaine as a return address in all her correspondence with Liberty.

On April 22, 1985, Gregory Larson, attorney for Elaine, telephoned Gordon Schnell, attorney for the personal representative.[1] Mr. Larson informed Mr. Schnell that he had written to Elaine but had received no response and was unable to reach her by phone. Mr. Schnell also indicated that he had received no response from Elaine. Mr. Larson then "instructed attorney Schnell that he assumed that his client approved the distribution since she had not contacted him." Neither Elaine nor her attorney appeared at the hearing which was held as scheduled on April 23, 1985.

The court accepted the final account of Amy's and Emil's estate and approved the proposed distribution.

On May 23, 1985, Elaine signed a petition for rehearing in which she asserted lack of notice.[2] In this petition Elaine alleged that she did not receive actual notice of the hearing because she was living with John, not at her home address, at the time the notice was mailed. Elaine also alleged that John, Stanley, and Jaqueline knew she was not in agreement with the proposed distribution, that she was not living at her home address when the notice was mailed, and that none of them informed her of the hearing.[3] Finally, Elaine alleged that the final report and account approved by the court did not include all the attorney's fees for which she was entitled to be reimbursed or any of the other expenses she had paid for the benefit of Amy's estate. Elaine stated that her reimbursement for attorney's fees should have been $9,464.94 as opposed to $8,000.40 and that she incurred other expenses which amounted to $9,037.73 for a total of $18,502.67 for which she claimed she was entitled to be reimbursed. On the basis of these allegations Elaine asked the court to reopen the estates of Amy and Emil and schedule a hearing.

The court, after receiving briefs and affidavits from both sides, denied Elaine's peti-

---

1. Both Mr. Larson and Mr. Schnell signed affidavits discussing the substance of this telephone conversation.

2. While Elaine did not label it as such, her petition appeared to be in the form of a motion for relief from an order under Rule 60(b), N.D. R.Civ.P. However, during oral argument counsel for Elaine stated that this was intended to be a simple petition and not a 60(b) motion.

3. Elaine appears to imply that her nonappearance at the hearing should be considered excusable neglect because she was not at her home when the notice was sent. Elaine also appears to imply that there was some type of fraud or impropriety on the part of her brothers and sister. These issues, however, were not raised or argued by Elaine, either in the form of a 60(b) motion (see footnote 2), or on the basis of some other procedure or rule.

tion for rehearing. The court also concluded that the petition had "such a complete absence of actual facts and law that a reasonable person could not have thou ;ht a Court would render judgment in their favor." On the basis of this conclusion the court awarded reasonable attorney's fees and costs to the respondents.

Elaine raises two issues on appeal. First, whether or not the court erred as a matter of law in denying her petition for rehearing. Second, whether or not the court abused its discretion in awarding reasonable, actual, or statutory costs, including reasonable attorney's fees, to respondents. Liberty has asked that we determine this appeal to be frivolous and assess damages and double costs, including attorney's fees, against Elaine pursuant to Rule 38, N.D.R.App.P.

I

■ Section 30.1–03–01, N.D.C.C., provides, in pertinent part, as follows:

"[T]he petitioner shall cause notice of the time and place of hearing of any petition to be given to any interested person or his attorney.... Notice shall be given:

"a. By mailing a copy thereof at least fourteen days .before the time set for the hearing by ... ordinary first-class mail addressed to the person being notified ... at his office or place of residence, if known;"

The notice requirements of Section 30.1–03–01 are similar to Rule 5(b), N.D.R. Civ.P., which provides, in pertinent part, as follows:

**4.** In support of her reasonableness argument, Elaine quotes the following language from *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314–15, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950);

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. ... But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied....

"Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address or, ... service by mail is complete upon mailing."

On appeal, Elaine is not arguing that Liberty did not adequately comply with the requirements of Section 30.1–03–01, N.D. C.C., or that any other procedural requirements for notice were not properly followed. Elaine apparently is arguing that while Section 30.1–03–01, N.D.C.C., and rules on notice were complied with, the notice given was still not reasonable under the circumstances.[4]

The circumstances which Elaine argues are significant enough to classify the notice she received as unreasonable are: (1) She was not living at her Golden Valley residence where the notice was mailed, but was living with John in Dodge. (2) Her brothers and sister knew she was not living at her Golden Valley address, but still did not inform her of the hearing. (3) John borrowed her car on the date of the hearing, leaving her with no transportation.

Elaine has not asserted that the notice of the hearing did not arrive at her post office address in Golden Valley in the regular course of the mail. She merely asserts that she did not receive actual notice.[5] The

"... The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected, ...."

Elaine did not effectively raise a constitutional issue in the trial court or here on appeal.

**5.** As Elaine is not denying that the notice arrived at her Golden Valley address, we need not consider the possible issue of whether or not the presumption established by Section 31–11–03(24), N.D.C.C., "[t]hat a letter duly directed

question which remains is why did Elaine not receive actual notice.

All correspondence to and from Elaine, both before and after the hearing, was made through her Golden Valley address. At the time the notice of hearing was sent, Elaine apparently was staying with John in Dodge for the purpose of helping during the calving season. However, Elaine had not informed Liberty National Bank and Trust Company, the personal representative, of her brief change of address.[6] Nonetheless, Elaine implies that Liberty was at fault in sending the notice to her Golden Valley address instead of sending it to her at John's residence in Dodge. In our view, if someone is to be faulted because the notice was sent to the wrong address, it is Elaine, not Liberty. Liberty could hardly be expected to know that Elaine was temporarily staying with John without having been informed of this fact.

It should also be noted that John's residence in Dodge is only about nine miles from Elaine's mailing address in Golden Valley. Elaine gave no explanation as to why she did not make a nine mile trip to pick up her mail at any time between April 5 and April 23, 1985. This is significant in light of *Brown v. Otesa*, 80 N.W.2d 92 (N.D.1957) in which we stated,

"Where the law prescribes a written notice as a method of giving information, the receipt of a letter containing the information is conclusive proof of knowledge of the purpose thereof. Whether as a matter of fact the recipient reads or takes notice of the letter makes no difference, because the notice contemplated has been given." 80 N.W.2d at 99.

Elaine next attempts to excuse herself by putting blame on her brothers and sister for not informing her of the hearing. No evidence was submitted that suggested Elaine's brothers and sister were aware that she did not know of the hearing or that she was not picking up her mail. Elaine merely asserts that they must have known. There is also no authority cited to support the proposition that Elaine's brothers and sister had an affirmative duty to inform her of the hearing. Liberty was the personal representative of the estates and had the responsibility for providing the proper notice.

The third circumstance which Elaine uses to support her argument that the notice was unreasonable is that John borrowed her car on the day of the hearing, leaving her with no transportation. This circumstance, however, has nothing to do with the adequacy of the notice given by Liberty. It is also significant that John *borrowed* the car, apparently with Elaine's approval, as opposed to taking the car without Elaine's approval.

Even if we were to create a special exception which would classify an otherwise totally proper notice as unreasonable and therefore invalid because of the particular circumstances of the case, the circumstances listed by Elaine fall short of convincing

---

and mailed was received in the regular course of the mail," has been sufficiently rebutted. Whether or not this presumption has been sufficiently rebutted is a question for the trier of fact. *State v. Knittel*, 308 N.W.2d 379, 382 (N.D. 1981); *Myra Foundation v. Harvey*, 100 N.W.2d 435, 438 (N.D.1960). In the case at hand, the county court made no finding as to whether or not this presumption had been rebutted, presumably because it was not presented with this issue. The county court in *Knittel* acquitted the defendant after finding that he had successfully rebutted this presumption. In affirming this decision, we said:

"[W]e do believe that notice of an opportunity for a hearing sent by regular mail is insufficient to guarantee due process when the presumption of receipt raised by Section 31–11–03(24), N.D.C.C., is rebutted." 308 N.W.2d at 384.

**6.** Liberty argues that Elaine had an obligation to inform Liberty of her change of address or be estopped from denying the address was correct. Liberty supports this argument by citing to Section 31–11–06, N.D.C.C., which reads as follows:

"*Estoppel by declaration, act, or omission.* —When a party, by his own declaration, act, or omission, intentionally and deliberately has led another to believe a particular thing true and to act upon such belief, he shall not be permitted to falsify it in any litigation arising out of such declaration, act, or omission."

us that such an exception should be applied to this case.

Liberty asserts that even if the service of notice by mailing to Elaine was inadequate, which Liberty contends it was not, the notice given to Elaine's attorney is sufficient notice under Section 30.1–03–01, N.D.C.C. Elaine responds that service upon her attorney fails for the same reason that service upon her failed. In our view the service of notice upon her attorney complied with both Section 30.1–03–01, N.D.C.C., and Rule 5(b), N.D.R.Civ.P.

For the reasons stated herein, we hold that the county court did not err in denying Elaine's petition for rehearing.

## II

Next, we must determine whether or not the court abused its discretion in awarding costs and attorney's fees and whether or not we should award costs and attorney's fees because of this appeal.

Generally, costs and attorney's fees are not allowable to the successful litigant in the absence of a statute providing for such an award. *Zuern v. Jensen*, 336 N.W.2d 329, 330 (N.D.1983); *Westchem Agricultural Chemicals v. Engel*, 300 N.W.2d 856, 859 (N.D.1980). Section 28–26–01(2), N.D.C.C., does provide for such an award as follows:

"In civil actions the court may, *in its discretion,* upon a finding that a claim for relief was frivolous, award reasonable actual or statutory costs, or both, including reasonable attorney's fees to the prevailing party. Such costs may be awarded regardless of the good faith of the attorney or client making the claim for relief *if there is such a complete absence of actual facts or law that a reasonable person could not have thought a court would render judgment in their favor,* providing the prevailing party has in responsive pleading alleged the frivolous nature of the claim." [Emphasis added.]

**7.** "If the court determines that an appeal is frivolous, or that any party has been dilatory in prosecuting the appeal, it may award just

The county court concluded that Elaine's petition for rehearing was baseless and awarded attorney's fees and costs to the respondents. We believe this was error on the part of the court.

█ While Elaine's legal argument has been found insufficient to gain relief on appeal, there was not such a complete absence of facts and law that a reasonable person might not have thought that this Court would render a favorable judgment on appeal. We conclude, therefore, that under the facts of this case, the awarding of costs and attorney's fees was an abuse of discretion. *See Moritz v. Medical Arts Clinic, P.C.*, 315 N.W.2d 458, 462–63 (N.D. 1982); *State for Benefit of Employees of State v. Jensen*, 331 N.W.2d 42, 48 (N.D. 1983). Therefore, that part of the court's order awarding costs and attorney's fees is reversed.

█ It follows that as Elaine has appealed, in part, the decision of the county court awarding attorney's fees and costs and has been successful on this issue on appeal, Liberty should not be awarded attorney's fees and costs on this appeal on the basis that the appeal was frivolous under Rule 38, N.D.R.App.P.[7] Accordingly, no attorney's fees or costs are awarded to either party on this appeal.

That part of the court order denying Elaine's petition for rehearing is affirmed, but that part of the court order awarding costs and attorney's fees is reversed and the case is remanded for disposition consistent with this opinion.

GIERKE, VANDE WALLE, LEVINE and MESCHKE, JJ., concur.

damages and single or double costs including reasonable attorney's fees." Rule 38, N.D.R. App.P.