William S. WILLIAMS, et al., Plaintiffs and Appellants,

William W. Williams, et al., Plaintiffs,

v.

STATE of North Dakota, et al., Defendants and Appellees.

Civ. Nos. 11312, 11343.

Supreme Court of North Dakota.

May 4, 1987.

Wendy Alison Nora, Minneapolis, Minn., and Glenn M. Fenske, Hankinson, for plaintiffs and appellants; argued by Wendy Alison Nora.

Laurie J. Loveland, Asst. Atty. Gen., Bismarck, for defendants and appellees State of North Dakota, Vivian E. Berg, Disciplinary Bd. of Supreme Court of the State of North Dakota, Sarah Vogel and Nicholas Spaeth.

Jack R. Duis, Fargo, pro se. Submitted on brief.

Robert N. Maxwell, Fargo, for defendant and appellee David R. Bailly. Submitted on brief.

Gunhus, Grinnell, Klinger, Swenson & Guy, Moorhead, Minn., for defendant and appellee William Guy III. Submitted on brief.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, for defendants and appellees State Bar Ass'n of North Dakota, Jon Brakke and Robert L. Eckert. Submitted on briefs.

Serkland, Lundberg, Erickson, Marcil & McLean, Fargo, for defendants and appellees Lowell W. Lundberg, Roger Minch, Robert Halvorson, Leah R. Bussell and Roger Refling. Submitted on brief.

Ackre & Baer, Cando, for defendant and appellee Larry M. Baer, pro se. Submitted on brief.

Solberg, Stewart, Boulger & Miller, Fargo, for defendants and appellees Wayne Solberg and Erik Johnson. Submitted on brief.

William Kirschner, Fargo. Submitted on brief.

GIERKE, Justice.

Plaintiffs/appellants appeal from two separate orders issued by the Honorable Michael O. McGuire, judge in the East Central Judicial District Court of North Dakota. The first order, dated July 22, 1986, denied plaintiffs/appellants' motions for default judgment, denied a motion by one Roger N. Elvick to intervene in the lawsuit along with 1,456 additional plaintiffs, and granted defendants/appellees' motions to dismiss the plaintiffs/appellants' complaint and amended complaint with prejudice. Additionally, the district court ordered that the defendants/appellees were entitled to sanctions, as permitted by statute, to be determined at a later date. The second order appealed to this Court is dated August 26, 1986, and declared that the plaintiffs/appellants' attempt to remove their case to federal court is null and void. We affirm the district court's July 22 order dismissing plaintiffs/appellants' complaint and dismiss the appeal from the August 26 order for the reason that it has become a moot issue.

William S. Williams is an attorney describing himself as one who "has undertaken work to represent farmers and ranchers throughout this country to keep them down on their farms and ranches." On December 20, 1985, this Court placed Mr. Williams on disability inactive status until a determination is made that he is able to resume the practice of law. *In the Matter of Williams*, 378 N.W.2d 678 (N.D. 1985). On April 30, 1986, a disciplinary hearing was held regarding Williams' ability to return to the practice of law. Germane to the instant matter was the determination by the district court that Williams not be taken off disability inactive status.

Williams still remains on disability inactive status. He is suspended from practicing law and is prohibited from accepting any new retainers or engaging as an attorney for any new case or legal matter of any nature. *See* Rule 17 and Rule 14, N.D.R. D.P.

Within days after Williams' April 30 disciplinary hearing, a summons and complaint was "served" on a number of individ-

uals in the legal profession naming them defendants in a lawsuit.[1] Mr. Williams signed the summons *pro se* and not as an attorney.[2] Attached to the complaint was a list purporting to contain all of the plaintiffs to the action.[3] Immediately, many of the defendants/appellees responded with motions to dismiss the complaint based upon numerous deficiencies with the pleadings including: procedural problems with the plaintiffs/appellants' pleadings;[4] alle-

---

1. Defendants named in this action were: State of North Dakota; Vivian E. Berg; Disciplinary Board of the Supreme Court of the State of North Dakota; State Bar Association of North Dakota; Jack R. Duis; David R. Bailly; the Honorable Robert L. Eckert; William Guy III; Lowell W. Lundberg; Larry M. Baer; Sarah Vogel; Nicholas Spaeth; Wayne Solberg; William Kirschner; Erik Johnson; Roger Refling, Robert Halvorson, Leah R. Bussell, Roger Minch; and Jon Brakke. These individuals will be referred to as defendants/appellees throughout the text of our opinion.

2. A review of the summons and service thereof reveals many deficiencies which could have rendered this action non-adjudicable, e.g., the summons failed to contain the title of the action specifying the parties involved; the summons was not signed by any of the plaintiffs, except Mr. Williams, who has been suspended from practicing law and cannot represent any of the other plaintiffs to the action; and, the service did not meet the particular standards delineated in the North Dakota Rules of Civil Procedure for commencing a civil action because it was mailed by first-class mail without a return receipt attached. *See* Rule 3, N.D.R.Civ.P.; Rule 4(c)(1) and (d)(2), N.D.R.Civ.P.

3. While it appears that a complete catalogue of all the alleged plaintiffs in this action was never compiled, our review of the record reveals that at one time or another over one-hundred ten (110) names appeared as plaintiffs on this complaint. Our compilation discloses that William S. Williams, Ronald Brakke, Harriet Williams, Merlyn Yagow, Arnold Wiedmer, Chester Brakke, Rosemary Wiedmer, John Reyerson, Lucille Reyerson, Leander D. Citrowski, Rose Mary Citrowski, Robert E. Salsman, John Davidson, Cathy Davidson, Rozella Hendrickson, Warren Hendrickson, William W. Williams, Leland B. Erickson, Gary Mikulecky, Ron Erdman, Harry E. Carlson, Robert M. Dick, Melvin Rall, Phyllis Rall, David Damman, Iven L. Felt, Sandra L. Vander Wal, James Vander Wal, Georgia Van Bockel, Adell Laber, Margaret L. Overweg, Sharon Arbeiter, Alvin Arbeiter, Raymond Van Bockel, Dirk C. Overweg, Alfonse Lorenz, Marabelle Babbe, Frank Scouten, Regina Hagen, Darlo O. Tschetter, Ray Juhl, Helen Juhl, Wayne Aspengren, Al Laber, Otto Arbeiter, Alton Chamber, Edwin Vreugdenhil, Ralph Shaud, Julian Dahl, Mrs. Myrtle Williams, Dan Phillips, Thomas Porter, Ivan Mathis, Bob Riestenberg, Mary Joe Damman, Monty Haugen, Thomas E. Hill, Richard L. Hill, Frank Holzer, George Wellmer, Lenone Wellmer, Connie Timmerman, Ralph Timmerman, Shirley Borah, Larry Elfrieck, Kay Ann Elfrieck, Vincent Rhoads, Harold Brink, Mavis Brink, Lloyd Olivier, Harley J. McLain, Paul E. Kuball, Douglas M. Hart, Herbert E. Kuball, Charles A. Niska, Jerome Garman, Sharon Chadwick, Charles J. Anderson, Daisy Mae Salsman, Sandra M. Kruss, John W. Bunnell, Bailey Faughn, Dale Garman, Dorothy Anderson, JoAnne Garman, Paul Klamm, Ed Mushitz, Dugene Mushitz, Ardell J. Simons, Walter P. Haley, Linda Haley, Paul Bruch, N. Bruch, Keith Smith, Pat Mushitz, Richard Johnston, Carl Humprey, Jerry Wurmig, Maureen Vig, Arthur Vig, Mary Mushitz and Tom Mushitz were all, at one time or another, listed as plaintiffs in this action.

After the district court order of July 22 was issued, ordering sanctions against each of the plaintiffs to this action, several "plaintiffs" asked to be removed from the complaint. Many of these individuals were elderly and retired and, after attending a social for coffee and cookies, signed the "complaint" believing it to be an attendance sheet circulated at a meeting held in support of Mr. Williams in his disciplinary matter. Others signed the "complaint" with the understanding that it was a petition supporting Mr. Williams' candidacy for governor. As a result of their request to be dismissed as plaintiffs to the complaint, the following individuals were excused from the sanctions order: Julian Dahl, Frank Scouten, Harley J. McClain, Dale Garman, Joanne Garman, Jerome Garman, Paul Klamm, Dorothy Anderson, Charles Anderson, Sharon Chadwick, Shirley Borah, and Gary Mikulecky.

4. Along with the problems with the summons used by plaintiffs/appellants, the defendants/appellees contended that the parties failed to sign the complaint and list all the parties thereon; that there was improper service of the complaint; and that the complaint was amended without leave of the court and parties to the action. *See* Rule 5, Rule 7(a), Rule 8, Rule 10(a), Rule 11 and Rule 15(a), N.D.R.Civ.P.

gations that the complaint fails to state a claim upon which relief can be granted; and asserting that the entire lawsuit was frivolous. Further, many of the defendants/appellees claimed that the action initiated by the plaintiffs/appellants was retaliatory in nature and based upon privileged actions taken by the defendants/appellees in Mr. Williams' disciplinary proceedings. Several of the plaintiffs/appellants responded in kind with motions for default judgment. There also was an attempt made by Roger Elvick to add himself and 1,456 additional individuals as plaintiffs to the complaint. A hearing was scheduled for June 18, 1986, to consider the merits of the motions made by both sides and then rescheduled for July 18, 1986.

As a result of this hearing, an order dated July 22, 1986, was issued by the district court denying Elvick's motion to join in the complaint, denying the plaintiffs/appellants' motion for default judgment, and dismissing the plaintiffs/appellants' complaint, with prejudice, because "... the pleadings filed by all of the Plaintiffs in this action were frivolous and presented such a complete absence of actual facts or law that a reasonable person could not have thought this Court would render judgment in the Plaintiffs' favor." The district court also awarded sanctions to

the defendants/appellees in this matter against each plaintiff/appellant in accordance with § 28–26–01, N.D.C.C. A number of plaintiffs/appellants have appealed the July 22 order to this Court.[5]

A second hearing was held by the district court on August 11, 1986, on the defendants/appellees' motions for sanctions. On the day of the hearing, many of the plaintiffs/appellants filed notices of removal to federal court. In an order dated August 26, 1986, the district court ruled that the plaintiffs/appellants' attempt to remove the case to federal court was null and void, and further ordered that those plaintiffs/appellants appealing from the July 22 order file a bond with the court in the amount of $12,000.00. The district court also recognized that while it no longer retained jurisdiction over those individuals who had appealed from the July 22 order, defendants/appellees could bring a motion for a hearing on sanctions against those plaintiffs who had not appealed to the Supreme Court. Again, several plaintiffs appealed from the August 26 order issued by the district court.[6]

In his brief on appeal,[7] Mr. Williams alleges ten (10) issues for determination by this Court without citing any supporting case law, statutes or constitutional provisions as authority.[8] After a review of the

---

5. Although many of the plaintiffs/appellants incorrectly filed their notices of appeal with the clerk of the Supreme Court and not with the clerk of the trial court as required by Rule 3(a), N.D.R.App.P., we believe the following parties have appealed from the July 22 order: William S. Williams, Harriet Williams, Ronald Brakke, Merlyn Yagow, Arnold Wiedmer, Rosemary Wiedmer, Chester Brakke, John Reyerson, Lucille Reyerson, Leander Citrowski, Rose Mary Citrowski, and Robert Salsman.

6. Those appealing the August 26 order are: William S. Williams, Harriet Williams, Ronald Brakke, Chester Brakke, John Reyerson, Lucille Reyerson, Leander Citrowski, Rose Mary Citrowski, Warren Hendrickson, Rozella Hendrickson, Catherine Davidson, and John Davidson. The individuals named *supra,* and found in previous footnote 5 shall cumulatively be referred to as plaintiffs/appellants in the text of this opinion.

7. We can find in the record only three (3) Rule 28(i), N.D.R.App.P., notices that the plaintiffs/appellants were joining in Mr. Williams'

brief. However, due to the numerous procedural deficiencies presented in the record of this case and because all the plaintiffs/appellants filed notices of appeal thereby revealing their intention to appeal and be considered in the determination of this Court, we decide this matter as if the parties had joined in Mr. Williams' brief.

8. The argument found in Mr. Williams' brief asserts:

"I. The defendants failed to meet their burden of proof regarding their motion to dismiss.

"II. Motion to dismiss was served upon a few of the plaintiffs and the majority of plaintiffs were not served.

"III. Default judgments were improperly administered and ignored by the district court without proper hearing or due process of law.

"IV. Request for sanctions are improper.

"V. Entire court hearing of July 18, 1986 was a sham.

"VI. District court is permitting sham to be promuulgated (sic) by allowance of govern-

pleadings and record in this case, we believe the only issues presented to this Court which we need to decide in the disposition of this matter include: (1) the appealability of the August 26 order; (2) whether the district court erred in dismissing the matter based on the frivolous nature of the pleadings; (3) whether the claim should have been dismissed "with prejudice"; and (4) whether the district court properly awarded sanctions against the plaintiffs/appellants.

Plaintiffs/appellants appeal from the August 26 order contending that the district court acted without authority when it ruled that the plaintiffs/appellants' attempt to remove the case to federal court was null and void. Apparently, plaintiffs/appellants contend that the district court acted without jurisdiction by substituting its opinion for that of a federal court judge. On the day prior to the state district court order, however, the Minnesota Federal District Court issued an order remanding the case back to the state court, thereby rendering the district court's analysis of the plaintiffs/appellants' attempt to remove the matter to federal court null and void. Defendants/appellees assert that the Minnesota Federal District Court order made any issue raised by plaintiffs/appellants regarding the removal of this action to federal court moot.

■ If an issue becomes moot, leaving no actual controversy to be determined, the appeal will be dismissed. *St. Onge v. Elkin*, 376 N.W.2d 41, 43 (N.D.1985). An appeal becomes moot when, due to the occurrence of events prior to the appellate court's determination, the appellate court is unable to render effective relief. *St. Onge, supra*. In the instant case, the Minnesota Federal District Court order of August 25 effectively nullified the consequences of any subsequent state district court ruling

regarding the jurisdiction of the federal court over the matter. Since the federal district court ruled that it did not have jurisdiction over the matter, any decision by this Court becomes academic because the plaintiffs/appellants cannot be granted any effective relief. Therefore, we dismiss the appeal from the August 26 district court order on the ground that it is moot.

■ We next consider whether the district court acted properly in granting defendants/appellees' motions to dismiss plaintiffs/appellants' complaint and amended complaint for failing to state a claim upon which relief can be granted. *See* Rule 12(b)(5), N.D.R.Civ.P. In *Johnson & Maxwell, Ltd. v. Lind*, 288 N.W.2d 763 (N.D.1980), we delineated the standard utilized by this Court when reviewing the dismissal of a complaint after a motion for failing to state a claim upon which relief can be granted. *Johnson & Maxwell* at 765. Initially, we recognize that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Johnson & Maxwell, supra; Patten v. Green*, 397 N.W.2d 458, 459 (N.D.1986). The complaint must be construed in the light most favorable to the plaintiff, and the allegations in the complaint are taken as true. *Johnson & Maxwell, supra*. A 12(b)(5), N.D.R.Civ.P., motion to dismiss a complaint should be granted only if it is disclosed with certainty the impossibility of proving a claim for which relief can be granted.

■ Our inquiry is directed to whether or not the allegations incorporated in the complaint constitute a statement of a claim under Rule 8(a), N.D.R.Civ.P., requiring that the complaint reveal "a short and plain statement of the claim showing that the

ment officials to plead mere paper in violation of disciplinary board rulings.

"VII. Appeal should also be sustained because the district court improperly allowed dismissal on grounds of immunity to certain government officials.

"VIII. Appeal also should be sustained because disciplinary action against William S. Williams is a sham.

"IX. This appeal is sustainable because, in fact, good causes of action were delineated in the complaint.

"X. Appeal is sustainable because memorandum opinions cannot be substituted for orders under the North Dakota Rules of Civil Procedure nor can they be issued for hearings against whom they take civil rights."

pleader is entitled to relief." Rule 8(a)(1), N.D.R.Civ.P.; *Johnson & Maxwell, supra,* at 765. The purpose of Rule 8(a), N.D.R.Civ.P., is to put the defendant on notice as to the nature of the plaintiff's claim. If the pleadings indicate generally the type of claim involved, they satisfy the spirit of Rule 8(a), N.D.R.Civ.P. *Gowin v. Hazen Memorial Hospital Association,* 311 N.W.2d 554, 556 (N.D.1981). While a concise and non-technical complaint is all that is required by Rule 8(a), N.D.R.Civ.P., nevertheless, it must be sufficient to inform and notify both the adversary and the court of the pleader's claim. *Trauger v. Helm Brothers,* 279 N.W.2d 406, 412 (N.D. 1979).

The district court determined that the plaintiffs/appellants' pleadings in the instant case: "... were frivolous and presented such a complete absence of actual facts or law that a reasonable person could not have thought this Court would render judgment in the Plaintiffs' favor." The district court granted the defendants/appellees' 12(b)(5), N.D.R.Civ.P., motion and dismissed the action with prejudice. Our review of the seven (7) page complaint involved in this case confirms the determination made by the district court.

■ A general review of the entire complaint prepared by plaintiffs/appellants in this action seems to contend that there is a conspiracy on the part of the legal profession and judicial branch of government who, through the alleged persecution of William S. Williams, have effectively eliminated all means of legal representation for farmers and ranchers. Plaintiffs/appellants argued that, out of negligence and through a breach of professional duties, the defendants/appellees have interfered with the plaintiffs/appellants' abilities to own, occupy and work their interests in their farms and ranches. This broad allegation is neither supported by any factual contentions alleged in the complaint nor does the complaint establish the legal basis for bringing such a claim.

Specifically, a review of the plaintiffs/appellants' complaint reveals that the claim against the named defendants/appellees is rooted in their involvement in the disciplinary proceedings against Mr. Williams.[9] We agree with the district court that the claim against those defendants/appellees based upon their actions in Mr. Williams' disciplinary proceedings is meritless. Many of the defendants/appellees are absolutely privileged from any lawsuit predicated on complaints submitted to the disciplinary board and several others are immune

---

**9.** After reviewing the complaint and examining affidavits submitted by many of the defendants/appellees to this action, there is only one conclusion which can be drawn providing a basis for this lawsuit.

> In his prayer for relief, Mr. Williams states: "WHEREFORE, Plaintiffs pray for judgment as follows:
> "1. Judgment against the Defendants in the sum of $100 million to cover the losses incurred by the Plaintiffs in the effective removal of Plaintiff Williams from the practice of law and the loss of legal counsel resulting in confiscatory and unconscionable takeover by the lenders of the Plaintiffs-Producers' real and personal property; ..."

Although the prayer for relief is not a part of the complaint, we have looked to the prayer for relief as a means of clarifying the contentions of the parties and issues raised. *Production Credit Association of Mandan v. Olson,* 280 N.W.2d 920, 923 (N.D.1979). The prayer for judgment included in plaintiffs/appellants' complaint clearly asks for relief based on the defendants/appellees' actions in the removal of Mr. Williams from the practice of law.

Similarly, many of the defendants/appellees have provided insight as to why they have been included in this lawsuit. It is apparent why the Disciplinary Board and Vivian Berg, legal counsel for the Disciplinary Board, were included in this lawsuit. Likewise, David Bailley and Wayne O. Solberg are both members of the Inquiry Committee East of the Bar Association. Others named as defendants, including Lowell Lundberg, Jack Duis and William Guy, submitted information or were somehow involved in Mr. Williams' disciplinary proceedings. The inclusion of these individuals to the action reveal an attempt to secure Mr. Williams' return to the practice of law by instituting a civil action against those responsible for his suspension in the first place. This is an improper means of pursuing reinstatement since these individuals are absolutely immune from any lawsuit predicated on their involvement in the disciplinary proceedings. Rule 22, N.D.R.D.P. There is a proper road for Mr. Williams to follow for reinstatement from his suspension. The appropriate procedures can be found in the North Dakota Rules of Disciplinary Procedures. *See* Rule 17 and Rule 15, N.D.R.D.P.

from suit based upon conduct performed in conjunction with their official duties as members of the disciplinary board or inquiry committees. Rule 22, N.D.R.D.P.

For these reasons, we believe that the complaint relied on by the plaintiffs/appellants in the instant case is deficient and that the plaintiffs/appellants could never have been afforded any relief under it. Therefore, the district court did not err in granting the defendants/appellees' motion to dismiss the complaint for failing to state a claim upon which relief can be granted.

We now turn to the plaintiffs/appellants' contention that the district court erred in dismissing their complaint "with prejudice."

■ Through counsel at oral argument, appellants asserted that the district court erred by dismissing the action "with prejudice" in light of the fact that Mr. Williams, albeit imperfectly, raised a number of "possible" claims which all of the other plaintiffs involved in the lawsuit would be precluded from asserting due to his inartful drafting of the pleadings.[10] Plaintiffs/appellants argue that the proper disposition by the district court would have been to dismiss the action "without prejudice" so that those plaintiffs who chose to could pursue other claims and not be barred from doing so by the July 22 order. The plaintiffs/appellants' argument regarding the "with prejudice" ruling was neither argued before the district court nor raised in Mr. Williams' brief.

While this Court has recognized that it need not address issues presented at oral argument which were never raised before

the trial court or in the appellate briefs [*see State v. Wilt*, 371 N.W.2d 159, 160–61 (N.D.1985)], we believe that, because of the nature of the proceedings involved in this action and the number of individuals affected by the litigation, it is appropriate for us to consider the matter. Initially, we recognize, as pointed out by plaintiffs/appellants' counsel at oral argument, that this problem arises out of the sheer unintelligibility of the complaint filed in this case.[11] A review of the complaint reveals no clearly ascertainable legal claim and, therefore, dismissal of the complaint may preclude some of the plaintiffs from pursuing possibly valid legal claims out of a fear that these possible claims are *res judicata* due to the "with prejudice" determination by the district court.

■ An order dismissing a case "with prejudice" is a final disposition of the controversy and, unless reversed, is a bar to any future claim. *See, e.g., Freedman v. American Export Isbrandtsen Lines, Inc.*, 451 F.2d 157 (3d Cir.1971), *cert. denied*, 405 U.S. 992, 92 S.Ct. 1264, 31 L.Ed.2d 460 (1972); *Rugby Milling Co. v. Logosz*, 261 N.W.2d 662, 664 (N.D.1977). Although an order dismissing an action with prejudice operates as an estoppel to re-litigate issues raised in that action, a reservation exists as to whether such an order adjudicated the merits of that claim. *See, e.g., Application of Schaefer*, 287 Minn. 490, 491–493, 178 N.W.2d 907, 909–910 (1970). The intention of the district court, as gathered from its order or other sources, is not the test of the effect of the judgment on subsequent actions and if judgment is clearly not on the merits, the court's intention to make it

**10.** At oral argument, counsel for plaintiffs/appellants excused Mr. Williams' unskilled drafting of this complaint by making the assertion that he is a "solicitor" and not a "barrister". In English law, this is the dichotomous distinction made between an individual learned in the law who has been admitted to plead and argue cases before the bar (barrister) and that individual not permitted to argue before the bar but who *can draw pleadings*, prepare testimony, and conduct matters out of court (solicitor). *See Blacks Law Dictionary*, 191, 1564 (West Pub.Co.1968). This distinction was never recognized by the American bar and its applicability to the present set of circumstances is questionable. Under

this state's rules of professional responsibility, a lawyer has a duty to handle a matter competently and skillfully, and if he is not competent to perform the work, he should not undertake to do so. This competency extends to his ability to perform both in the courtroom and in the underlying skills necessary leading up to the courthouse door. *See* Disciplinary Rule 6–101, N.D. C.P.R.

**11.** Apparently, plaintiffs/appellants' counsel at oral argument was engaged solely for that purpose and was not involved in the drafting of the pleadings in this case.

a bar is immaterial. *See generally* 50 C.J.S. *Judgment* § 633 (1947 & Supp.1986); *also Floyd & Beasley Transfer Co. v. Copeland*, 107 Ga.App. 304, 130 S.E.2d 143 (1963).

■■■ It is up to the trial court to consider whether any future action is *res judicata* and, therefore, is precluded by the district court's "with prejudice" dismissal. This could only be accomplished by a review of the nature of any new claims *by the district court.* Therefore, any consideration on our part over which claims, if any, are *res judicata* and which are not would be premature. Accordingly, we affirm the district court's dismissal of the complaint with prejudice.

■■■ The final issue we must address involves the plaintiffs/appellants' contention that sanctions were improperly awarded to the defendants/appellees by the district court. The district court awarded sanctions to the defendants pursuant to § 28–26–01(2), N.D.C.C., due to the frivolous nature of the claim brought by the plaintiffs/appellants. Section 28–26–01(2), N.D.C.C., states:

"In civil actions the court *may, in its discretion,* upon a finding that a claim for relief was frivolous, award reasonable actual or statutory costs, or both, including reasonable attorney's fees to the prevailing party. Such costs may be awarded regardless of the good faith of the attorney or client making the claim for relief if there is such a complete absence of actual facts or law that a reasonable person could not have thought a court would render judgment

in their favor, *providing the prevailing party has in responsive pleading alleged the frivolous nature of the claim."* [Emphasis added.]

The district court *may,* in its discretion, award sanctions if it determines that there is such a complete absence of actual facts or law that a reasonable person could not have expected judgment on his claim *and* the prevailing party alleges the frivolous nature of the claim. All defendants/appellees joined in their assertion that the complaint in the instant case was frivolous and asked the court for attorney's fees and costs. We will not reverse an award of attorneys fees pursuant to § 28–26–01, N.D.C.C., absent a finding of abuse of discretion by the trial court. *Matter of Estates of Gustafson*, 381 N.W.2d 208, 213 (N.D.1986). Defendants/appellees contend that, pursuant to § 28–26–01(2), N.D.C.C., and Rule 11, N.D.R.Civ.P., the district court did not abuse its discretion in awarding sanctions to the defendants/appellees involved in this matter. We agree.

Our review of the complaint and other pleadings initiated by Mr. Williams and the other plaintiffs/appellants in this action reveal that they are so devoid of either facts or law that a reasonable person could not expect a favorable judgment on them. In fact, the complaint is so amorphous and vague that it is difficult to discern exactly what the plaintiffs' claim is.

■■■ In addition to the discretionary guidelines presented in § 28–26–01(2), N.D.C.C., we point out that under the guidance of Rule 11, N.D.R.Civ.P.,[12] a party, or at-

12. The full text of Rule 11, N.D.R.Civ.P., requires:

"Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well

grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed, in violation of this rule, the court, upon motion of a party or upon its own motion, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an

torney representing a party, is required to sign every pleading thereby certifying that to the best of his knowledge, information and belief there is merit to his claim. Rule 11, N.D.R.Civ.P. The explanatory note to Rule 11 reveals that it imposes a *duty* upon an attorney or unrepresented party signing a pleading to make reasonable inquiry into the facts and the law to determine whether the pleading is signed in compliance with the rule. *See* Rule 11, N.D.R.Civ.P. (Explanatory note). Rule 11 goes on to *require* a court to impose appropriate sanctions upon the person signing the pleading if the attorney or unrepresented party violates the requirements of the rule. "The appropriate sanction *must be imposed* upon the attorney, or the represented party, or both, and may include the payment of reasonable expenses, including a reasonable attorney's fee." Rule 11, N.D.R. Civ.P. (Explanatory note) (Emphasis added). We include this discussion of Rule 11, N.D.R.Civ.P., since it reveals that not only was the district court acting within its discretion in awarding sanctions against plaintiffs/appellants, but under the provisions of Rule 11, the district court's award of appropriate sanctions was mandated. For the foregoing reasons, we find that the district court did not abuse its discretion and affirm its award of sanctions against the plaintiffs/appellants.

■ We have been requested by the defendants/appellees, due to the frivolous nature of this appeal, to award them just damages, including attorney's fees, pursuant to Rule 38, N.D.R.App.P. Simply because we affirm the trial court's findings that the plaintiffs/appellants' claim was meritless and defendants/appellees are entitled to sanctions, however, we cannot automatically find the plaintiffs/appellants' appeal frivolous and impose sanctions upon them for prosecuting it.

order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee."

**13.** Article I, Section 9 of the North Dakota Constitution provides:

■ Open access to the courts is a valued asset of our democratic form of government. Counsel and their clients should be permitted to present issues that could arguably be correct, even if it is extremely unlikely that they will win on appeal. *See* N.D. Const. Art. I, § 9; [13] *also State v. Haugen*, 392 N.W.2d 799, 805 n. 4 (N.D.1986). As Justice Stevens recently observed:

"Freedom of access to the courts is a cherished value in our democratic society. Incremental changes in settled rules of law often result from litigation. The courts provide the mechanism for the ·peaceful resolution of disputes that might otherwise give rise to attempts at self-help. There is, and should be, the strongest presumption of open access to all levels of the judicial system. Creating a risk that the invocation of the judicial process may give rise to punitive sanctions simply because the litigant's claim is unmeritorious could only deter the legitimate exercise of the right to seek a peaceful redress of grievances through judicial means. This Court, above all, should uphold the principle of open access."

*Talamini v. Allstate Insurance Company*, 470 U.S. 1067, 1070–71, 105 S.Ct. 1824, 1827–28, 85 L.Ed.2d 125, 129 (1985) (Stevens, J., concurring in dismissal of appeal for want of jurisdiction) (footnotes omitted) *quoted in State v. Haugen*, 392 N.W.2d 799, 805 n. 4 (N.D.1986).

■ Balanced against this ideal of open access to the courts, we recognize the need to conserve judicial resources and our duty to prevent abuse of process, unnecessary delay, and dilatory and frivolous proceedings in the administration of justice. *United ed Bank of Bismarck v. Young*, 401 N.W.2d 517, 518 (N.D.1987). Absolute ac-

"*Section 9.* All courts shall be open, and every man for any injury done him in his lands, goods, person or reputation shall have remedy by due process of law, and right and justice administered without sale, denial or delay. Suits may be brought against the state in such manner, in such courts, and in such cases, as the legislative assembly may, by law, direct."

cess and open courts are different concepts and the language "all courts shall be open" is not to be interpreted in absolute terms. *KFGO Radio v. Rothe*, 298 N.W.2d 505, 510–513 (N.D.1980). As Justice Stevens concluded after his consideration of open access of the courts: "This is not, of course, to suggest that courts should tolerate gross abuses of the judicial process ... if it appears that unmeritorious litigation has been prolonged merely for the purposes of delay, with no legitimate prospect of success, an award of double costs and damages occasioned by the delay may be appropriate." *Talamini v. Allstate Insurance Company*, 470 U.S. 1067, 1071, 105 S.Ct. 1824, 1828, 85 L.Ed.2d 125, 129 (1985). Accordingly, the use of punitive sanctions by this Court for an unmeritorious appeal should be utilized with the effect that such sanctions have on the concept of open access to the courts, but with a recognition that sanctions must be imposed when an appeal is frivolous and interferes with the proper administration of justice. Appeals must have some legitimate basis in fact and law. *Mitchell v. Preusse*, 358 N.W.2d 511, 514 (N.D.1984). Otherwise courts and litigants, especially appellees, are forced to engage in the disposition, costly in terms of both time and money, of trifling and unnecessarily bothersome claims. *Mitchell, supra.* The courts should neither tolerate nor reward any course of conduct deliberately designed to disrupt the orderly administration of justice. *See Aetna Casualty & Surety Co. v. Dickinson*, 216 Neb. 660, 345 N.W.2d 8 (1984).

■ Rule 38, N.D.R.App.P., permits this Court to award just damages and single or double costs, including reasonable attorney's fees, if we determine that an appeal is frivolous or that any party has been dilatory in prosecuting an appeal. Rule 38, N.D.R.App.P. An appeal is frivolous if it is flagrantly groundless, devoid

of merit, or demonstrates persistence in the course of litigation which could be seen as evidence of bad faith. *Mitchell v. Preusse, supra.* In order to impose additional sanctions for prosecuting a frivolous appeal, this Court must use its own discretion and judgment to decide whether there is any merit in the party's appeal. When reviewing the frivolous nature of an appeal, we consider whether there is such a " ... complete absence of facts and law that a reasonable person might not have thought this Court would render a favorable judgment on appeal." *Matter of Estates of Gustafson*, 381 N.W.2d 208, 213 (N.D.1986); *Martinson v. Raugutt*, 372 N.W.2d 895, 896–97 (N.D.1985).

■ Upon review of the appeal in this case, we are convinced that no reasonable person could have expected a favorable disposition of the issues raised on appeal. As we have previously observed, the brief submitted in this appeal fails to cite *any* legal authorities in support of the proffered issues on appeal, and, in fact, it is unclear exactly what issues and legal theories the plaintiffs/appellants rely upon for relief from this Court. Similarly, there is a complete absence of actual facts alleged in any of the papers submitted by the plaintiffs/appellants in this action. Therefore, based on the facts and circumstances involved in this appeal we award double the costs and reasonable attorney's fees for the amounts expended by the assistant attorney general representing the state defendants/appellees in this matter.[14] This sanction is awarded against those plaintiffs/appellants recognized previously in this opinion (*see supra* footnotes 5 and 6).

For the foregoing reasons, we affirm the district court order of July 22, 1986, and dismiss the appeal from the district court order dated August 26, 1986. We remand the matter back to district court with in-

---

**14.** We limit our sanctions award to the costs and fees incurred by the assistant attorney general since it appears that she was the only legal counsel to submit an extensive reply brief on appeal to this Court. Counsel for the remaining defendants/appellees, pursuant to Rule 28(i),

N.D.R.App.P., joined in the brief submitted by the assistant attorney general and relied on the argument and assertions presented therein. Similarly, the assistant attorney general made the only appearance on behalf of defendants/appellees at oral argument.

structions to determine and enforce the payment of costs and attorneys' fees.

ERICKSTAD, C.J., and PEDERSON and ILVEDSON, Surrogate Justices, concur.

VANDE WALLE, J., concurs in the result.

PEDERSON and ILVEDSON, Surrogate Justices, sitting in place of LEVINE and MESCHKE, JJ., disqualified.