**FEDERAL LAND BANK OF ST. PAUL, a corporation, Plaintiff and Appellee,**

v.

**Chester A. BRAKKE, aka Chester Arthur Brakke, and Alice Brakke, aka Alice M. Brakke, Defendants and Appellants,**

**and**

**Pioneer Life Trust, Ronald D. Brakke, Nancy D. Bye, Jean M. Brakke, deceased, Timothy J. Brakke, Karen Jean Brakke, Ronald Daren Brakke, Common Title Bond & Trust, P.C., a Nevada Trust, Trustee, Dakota Bank and Trust Co. of Fargo, United States of America, The Pierce Co., Inc., South Dakota Wheat Growers Association, Rust Sales, Inc., Donald Hansen, State of North Dakota, Horace Farmers Elevator Company, James Stegman, Hall GMC, Inc., Vivian E. Berg, Disciplinary Board of the Supreme Court of the State of North Dakota, Sarah Vogel, Nicholas Spaeth, William L. Grey, United Accounts, Inc., of Bismarck, North Dakota, and All other persons unknown, whether as heirs, legatees, devisees, or creditors of Jean M. Brakke, Defendants.**

**Civ. No. 870101.**

Supreme Court of North Dakota.

Jan. 4, 1988.

W. Todd Haggart, of Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for plaintiff and appellee.

Wendy Alison Nora, of Hopewell & Nora, Minneapolis, Minn., and William Mills, Bismarck, for defendants and appellants; on brief.

VANDE WALLE, Justice.

Chester A. Brakke and Alice M. Brakke appealed from an order striking the defense of payment from their answer in a mortgage-foreclosure action brought against them by the Federal Land Bank of St. Paul. We affirm.

The Brakkes' defense of payment to the mortgage-foreclosure action was based upon the issuance of what is termed a "sight draft." This "sight draft" provided for the payment of $105,271.03 *"of credit on presentment"* to the Federal Land Bank. The "sight draft" also contained the notation that "This draft is redeemable in a *certificate of credit,* at full face value when presented to the issuer at his place of residence; void if not presented for payment within six (6) months."

The trial court struck the defense of payment from the Brakkes' answer under Rule 11, N.D.R.Civ.P. It did so having concluded that the "defense of payment upon said 'sight-draft' [is] not well-grounded in fact and [is] not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. Instead, the defense of payment based upon the 'sight draft' ... [was] interposed for improper purposes, including harassment and delay, in violation of Rule 11, N.D.R.Civ.P. The defense of payment which is based here upon the 'sight draft' is merely a sham." We affirm the order under Rule 35.1(a)(1), N.D.R.App.P.

On appeal the Federal Land Bank has requested that it be awarded double costs and attorney fees pursuant to Rule 38, N.D.R.App.P. Rule 38 provides that "If the court determines that an appeal is frivolous, ... it may award just damages and single or double costs including reasonable attorney's fees." We have stated that "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which could be seen as evidence of bad faith." *Mitchell v. Preusse,* 358 N.W.2d 511, 514 (N.D.1984). We are convinced that the Brakkes' appeal is frivolous because "there is such a 'complete absence of facts and law that a reasonable person might not have thought this Court would render a favorable judgment on appeal." *Williams v. State,* 405 N.W.2d 615, 625 (N.D.1987), quoting *Matter of Estate of Gustafson,* 381 N.W.2d 208, 213 (N.D. 1986). Therefore, we award Federal Land Bank double costs and reasonable attorney fees for this appeal.

The order is affirmed. We remand to the trial court with instructions to determine and enforce the payment of costs and attorney fees.

ERICKSTAD, C.J., GIERKE, J., and BAKKEN and VERNON R. PEDERSON, Surrogate Judges, concur.

PEDERSON and BAKKEN, Surrogate Judges, sat in place of LEVINE and MESCHKE, JJ., disqualified.