FIRST TRUST COMPANY OF NORTH DAKOTA, Petitioner and Appellee,

v.

Eileen CONWAY, Respondent and Appellant.

Civ. Nos. 870110, 870111.

Supreme Court of North Dakota.

May 16, 1988.

J. Philip Johnson of Yuill, Wold, Johnson & Feder, P.C., Fargo, for petitioner and appellee.

Eileen Kjorvestad Conway, respondent and appellant, Germantown, Tenn., pro se.

VANDE WALLE, Justice.

Eileen Conway appealed from an order of the trial court determining that the billings for attorney fees and personal representative fees in these estates were reasonable. We affirm in part and reverse in part.

This is the seventh appeal involving these estates to which Conway is an heir. The history of this case is related in our previous opinions: *Conway v. Parker*, 250 N.W.2d 266 (N.D.1977) [*Kjorvestad I*], *Matter of Estates of Kjorvestad*, 287 N.W. 2d 465 (N.D.1980) [*Kjorvestad II*], *Matter of Estates of Kjorvestad*, 304 N.W.2d 83 (N.D.1981) [*Kjorvestad III*], *First Trust Company of North Dakota v. Conway*, 345 N.W.2d 838 (N.D.1984) [*Kjorvestad IV*], *Matter of Estate of Kjorvestad*, 375 N.W.2d 160 (N.D.1985) [*Kjorvestad V*], and *Matter of Estate of Kjorvestad*, 395 N.W.2d 162 (N.D.1986) [Kjorvestad VI].

The facts pertinent to this appeal are as follows: In *Kjorvestad V* we affirmed an order of the trial court approving a final accounting and ordering final distribution of the combined estates. At that time we also exercised our power under Rule 38, N.D.R.App.P., to award the personal representative, First Trust Company of Fargo (First Trust), "its reasonable compensation, attorney's fees and costs on this appeal out of Conway's share of the estate only," as a method of dealing with Conway's unrestrained and unsubstantiated accusations. 375 N.W.2d at 171.

Subsequently, on remand, First Trust mailed an affidavit and a proposed amended order to the trial court. However, it failed to give notice of a hearing to Conway. The trial court then entered the amended order, and Conway appealed. That appeal was denominated *Kjorvestad VI*. In that decision we dismissed the ap-

peal because the order was entered without a hearing and because Conway had failed to seek a hearing before appealing. 395 N.W.2d at 162.

Subsequent to our decision in *Kjorvestad VI*, First Trust again applied for approval of fees. In its application First Trust asked the trial court (1) to approve an amount of fees consistent with our decision in *Kjorvestad V*; (2) for approval of attorney fees and personal representative fees incurred subsequent to the decision in *Kjorvestad V*; and (3) for authorization to pay usual and customary personal representative fees and attorney fees without further order of the court. A hearing was held on February 10, 1987. On February 23, 1987, the trial court issued its order approving fees and authorizing future fee payments as set forth in First Trust's application. The order also provided that the costs of the defense of any disciplinary complaints against First Trust's attorney which were initiated by Conway should be borne by Conway unless found to be meritorious. It is from this order that Conway appealed.

We note that Conway's brief is not confined to the order at issue in this case but is yet another vitriolic attack on the entire course of the proceedings chronicled in our previous decisions. The brief contains vilifying accusations, all of which are unsubstantiated. We do glean from Conway's brief that she also takes issue with the order issued by the trial court. That order consists of two parts and we will analyze them separately.

■ The first part of the order consists of a determination that the billings presented for attorney fees and personal representative fees are reasonable, and awarding specific amounts; additionally, there is a determination that future payments for reasonable attorney and personal representative fees are allowed, based upon criteria set forth in the order. After reviewing the record we cannot conclude that these determinations are clearly erroneous and therefore they are affirmed. Rule 52(a), N.D.R.Civ.P.

■ The second part of the order directs that the costs of defending First Trust's attorney in current and future lawyer disciplinary actions brought before the Disciplinary Board, which are initiated by Conway, be paid from Conway's share of the estates. This order was based solely upon a request by counsel for First Trust in his closing statement at the hearing that, "in view of the unusual circumstances with respect to the filing of a disciplinary complaint, directly arising out of the administration of these estates, we are requesting that ... professional time and expenses attributable to those hearings ... be included as an expense ..." Because we believe that disciplinary proceedings are beyond the scope of the probate proceedings, we conclude that the trial court erred in ordering Conway to pay future costs of disciplinary actions brought against counsel for First Trust. Therefore, we reverse that part of the order.

On appeal First Trust has requested that we award it costs and attorney fees pursuant to Rule 38, N.D.R.App.P., to be paid out of Conway's share of the estates. Rule 38 provides that "If the court determines that an appeal is frivolous, ... it may award just damages and single or double costs including reasonable attorney's fees." We have stated that "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which could be seen as evidence of bad faith." *Mitchell v. Preusse*, 358 N.W.2d 511, 514 (N.D.1984).

Normally, when we reverse part of an order or judgment on appeal, we do not deem that appeal to be frivolous. See, e.g., *Matter of Estates of Gustafson*, 381 N.W. 2d 208 (N.D.1986). However, in this case we believe that Conway's extremely litigious nature, her determination to continuously rehash the entire course of the probate proceedings, and the vitriolic nature of her arguments, which only minimally touched on the merits of the order at issue in this case, demonstrate "persistence in the course of litigation which [can] be seen as evidence of bad faith." Thus we deem this appeal to be frivolous under Rule 38, N.D.R.App.P.

First Trust did not include an affidavit documenting the work performed on this

appeal in its request for costs and attorney fees under Rule 38. We have previously stated:

"We suggest that if more than a token amount of attorney fees is sought in a request to this court to impose monetary sanctions under Rule 38, N.D.R.App.P., the request should be accompanied by an affidavit documenting the work performed on the appeal to enable us to calculate the amount of reasonable attorney fees to be assessed." *United Bank of Bismarck v. Young*, 401 N.W.2d 517, 519, fn. 1 (N.D.1987).

Because there was no affidavit documenting work on this appeal, we award only double costs and attorney fees in the amount of $250, which are to be paid out of Conway's share of the estates.

ERICKSTAD, C.J., MESCHKE and GIERKE, JJ., and VERNON R. PEDERSON, Surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Justice, sitting in place of LEVINE, J., disqualified.