**Virgil ROTT, Plaintiff and Appellant,**

v.

**Daniel MITTLEIDER, Mary Mittleider, Richard Kamletz and Kamletz Housemoving and Construction, Defendants and Appellees.**

**Civ. No. 890011.**

Supreme Court of North Dakota.

June 6, 1989.

Virgil Rott, Nortonville, pro se.

Gerald A. Kuhn (no appearance), Napoleon, for defendants and appellees Daniel and Mary Mittleider.

Buchanan Law Office, Jamestown, for defendants and appellees Richard Kamletz and Kamletz Housemoving and Constr. Argued by Daniel E. Buchanan.

ERICKSTAD, Chief Justice.

Virgil Rott appealed from a summary judgment dismissing his action for damages against the defendants. We affirm.

Virgil asserts that he has an ownership interest in two lots located in the village of Nortonville (herein referred to as the property), and that the defendants have interfered with his interest in the property. The trial court, concluding that there was no genuine issue of material fact and that, as a matter of law, Virgil has no interest in the property, dismissed the action.

By warranty deed, dated October 6, 1976, Virgil conveyed his interest in the property to his wife, Shirley Rott. The deed was recorded on October 14, 1976. On October 8, 1976, Virgil and Shirley obtained a loan from First Federal Savings & Loan Association of Jamestown (currently known as Metropolitan Federal Bank and referred to herein as Metropolitan), for which they signed a promissory note and executed a mortgage on the property.

Virgil and Shirley defaulted on the loan in March 1983, and Metropolitan sent them a notice of intent to foreclose on May 3, 1983. Metropolitan, having apparently discovered that Shirley was the sole owner of the property, filed an action to foreclose its mortgage against the property on July 13, 1983, naming Shirley, but not Virgil, as a party defendant. Metropolitan was awarded a judgment of foreclosure on the property during May 1986.

After the judgment of foreclosure was filed, Virgil brought an action in district court against Metropolitan asserting that because he had signed the mortgage but had not been named as a party to the foreclosure action he had an interest in the property. The trial court determined that neither Virgil, nor anyone claiming through him, had any interest whatsoever in the property, and the court entered a judgment dismissing Virgil's action against Metropolitan on the merits and with prejudice. From that judgment Virgil appealed to this court, and the trial court's judgment was affirmed by summary opinion under Rule 35.1, N.D.R.App.P. *Rott v. Metropolitan Federal Savings & Loan Association of Jamestown*, 422 N.W.2d 98 (N.D.1988).

Following the foreclosure, the property was sold to Daniel and Mary Mittleider, who then hired Richard Kamletz, owner of Kamletz Housemoving and Construction, to move a house located on the property. These parties were named defendants in this action for damages, Virgil again asserting an ownership interest in the proper-ty and that the defendants interfered with his interest. Virgil brought this appeal from the summary judgment dismissal of his action.

■ Virgil's assertion of an ownership interest in the property is based solely upon the ground that he signed the mortgage which was given as security for the loan obtained from Metropolitan and, therefore, was entitled to be named as a defendant in the foreclosure action. Virgil has cited no case opinion or other authority to support his position, which we find to be entirely without merit.

■ Section 32–19–20, N.D.C.C.,[1] provides that a notice before foreclosure must be served "on the title owner of record of the real estate described in the mortgage as shown by the records of the office of the register of deeds of the county in which such real estate is situated." It is undisputed that Shirley Rott was the only title owner of record to the property at the time the notice of intent to foreclose was sent to Virgil and Shirley. Virgil did not acquire any ownership interest or right to be named a party defendant to the foreclosure action merely because the foreclosing institution sent him the notice of intent to foreclose, which was a gratuitous act, not required by statute.

■ Pursuant to Section 32–19–39, N.D.C.C., a judgment of foreclosure is binding upon all persons proceeded against as defendants and upon "all persons whose interests did not appear of record in the office of the register of deeds" at the time the foreclosure action was commenced. Pursuant to Section 32–19–40, N.D.C.C., only those persons having properly recorded interests in the property at the time of commencement of the foreclosure action need be made parties to the action.

A summary judgment is appropriate if there is no genuine issue as to any material fact and a party is entitled to judgment as a matter of law. Rule 56(c), N.D.R.Civ.P.

---

1. Although the foreclosure action was brought under the Short–Term Mortgage Redemption Act, Chapter 32–19.1, N.D.C.C., foreclosure procedure laws not inconsistent with the provisions of Chapter 32–19.1, N.D.C.C., are expressly made applicable to foreclosures thereunder by Section 32–19.1–02, N.D.C.C.

We agree with the trial court that Virgil has raised no genuine issue of material fact and that, as a matter of law, the defendants are entitled to a favorable judgment. Accordingly, we hold that the district court did not err in granting the defendants' motion for a summary judgment dismissal.

On appeal counsel for Daniel and Mary Mittleider and separate counsel representing Richard Kamletz and Kamletz Housemoving and Construction contend that the appeal is frivolous and request us to award them costs and attorney fees under Rule 38, N.D.R.App.P., which provides:

> "If the court determines that an appeal is frivolous, or that any party has been dilatory in prosecuting the appeal, it may award just damages and single or double costs including reasonable attorney's fees."

An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation evidencing bad faith. *First Trust Company of North Dakota v. Conway,* 423 N.W.2d 795 (N.D.1988), *cert. denied,* — U.S. ——, 109 S.Ct. 532, 102 L.Ed.2d 563 (1988). Virgil's claimed property interest in this case is entirely without merit, and he has previously litigated the issue without success. The defendants in this action are innocent parties who, through no fault or wrongdoing on their part, have become involved in the turmoil surrounding this property.

This litigation appears to be the result of Virgil's refusal to accept and abide by the rulings of the courts of this state. His claimed interest in the property is unsupported and is without merit. Consequently, we deem this appeal to be frivolous under Rule 38, N.D.R.App.P. We award costs to the defendants. The defendants' requests for attorney fees should have been, but were not, accompanied by affidavits documenting the work performed on the appeal to enable us to calculate the amount of reasonable attorney fees to be assessed. *See Conway, supra,* at 797. Under these circumstances, we believe it is appropriate to award minimal fees, and thus we award attorney fees in the amount

of $250 to Daniel and Mary Mittleider, and attorney fees in the amount of $250 to Richard Kamletz and Kamletz Housemoving and Construction.

Judgment affirmed.

VANDE WALLE, LEVINE, MESCHKE and GIERKE, JJ., concur.