**Connie M. FICHTER, formerly Connie M. Kadrmas, Plaintiff and Appellee,**

v.

**Bruce A. KADRMAS, Defendant and Appellant.**

Civ. No. 930098.

Supreme Court of North Dakota.

Oct. 26, 1993.

Albert J. Hardy of Howe, Hardy, Galloway & Maus, PC, Dickinson, for plaintiff and appellee; submitted on briefs.

Dennis W. Lindquist of Murtha & Murtha, Dickinson, for defendant and appellant.

VANDE WALLE, Chief Justice.

Bruce Kadrmas appealed from an order assessing against him costs and attorney fees in the amount of $132.50 in conjunction with an order holding him in contempt of court for failing to attend a deposition. We reverse.

Connie Fichter and Bruce Kadrmas were divorced in 1984, with a final judgment of divorce entered on January 24, 1984. Kadrmas pays child support to Fichter and is presently subject to an income withholding order at the Selfridge Cheese Co. in Dickinson, where he is employed. Both parties have remarried.

On December 7, 1992, Kadrmas was directed by subpoena from Fichter's attorney to appear for a deposition.[1] Upon advice of counsel, Kadrmas refused to attend the deposition. On December 10, 1992, an Order to Show Cause was issued by the District Court, and a hearing was held on December 18, 1992. The Court held Kadrmas to be in contempt of court. The order provided, however, that Kadrmas could purge himself of contempt by making himself available for a deposition at a later date and by paying Fichter's attorney's fees in the amount of $132.50.

On December 31, 1992, Kadrmas moved to modify the contempt order. Shortly thereafter, Fichter again subpoenaed Kadrmas for a deposition to be held January 14, 1993. In response, Kadrmas moved for a protective order, but the date of the deposition arrived

1. The purpose of the deposition is not clear from the record. Mr. Kadrmas, in the Statement of Facts portion of his brief to this court, says that, when Mrs. Fichter's attorney was asked the subject matter and purpose of the deposition, the attorney responded that the deposition was to "update the information in his files." The brief submitted to this court by Mrs. Fichter did not refute Kadrmas's account of the conversation. We assume, for purposes of this opinion, that the deposition was relevant to the support order.

before rulings were made on his motions. Kadrmas attended the deposition. Because Kadrmas has not paid the $132.50 in attorney fees, however, the contempt of court order still stands. It is from that order that Kadrmas now appeals.

Discovery is limited under Rule 26(b)(1), NDRCivP, to "any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . ." Kadrmas asserts that the divorce action, which culminated in 1984 in a support order and custody decree, was not "pending" within the meaning of Rule 26(b), NDRCivP, because the order was final and because no motion had been made to modify, vacate, enforce, or otherwise affect that order. Kadrmas contends that, because the action was not pending, the court lacked authority under Rule 26(b) and Rule 37(b), NDRCivP, (governing sanctions for failure to make discovery) to compel discovery and to hold him in contempt.

■ In response, Fichter contends that the court's statutory authority to modify the divorce decree renders the original action "pending" within the meaning of Rule 26(b), NDRCivP. *See* NDCC §§ 14–05–22, 14–05–24.[2] In essence, she maintains that the court's continuing jurisdiction invests the parties with the right to conduct discovery after the decree has been entered and prior to making any subsequent motions to the court. We do not agree that the term "continuing jurisdiction" should be so expansively construed.

■ Ordinarily, a decision of a court is final, absent an appeal, *Kuehl v. Lippert*, 401 N.W.2d 523 (N.D.1987); the decision is res judicata, and the court has no further jurisdiction to consider the issue decided. *See K & K Implement v. First National Bank*, 501 N.W.2d 734 (N.D.1993); *Hofsommer v. Hofsommer Excavating, Inc.*, 488 N.W.2d 380 (N.D.1992). When a court enters a divorce decree, however, we have said that it has "continuing jurisdiction" over matters relating to child and spousal support and child custody. *Nygord v. Dietz*, 332 N.W.2d 708 (N.D.1983); *Corbin v. Corbin*, 288 N.W.2d 61 (N.D.1980); *see* NDCC § 14–05–22; NDCC § 14–05–24. Under proper circumstances, custody and support issues, although "decided" in the original divorce action, may be reexamined and the order modified in the continuing jurisdiction of the court.

■ "Jurisdiction," this court has said, refers to the "authority which a court has to decide matters that are litigated before it or to take cognizance of matters presented in a formal way for its decision." *Schillerstrom v. Schillerstrom*, 75 N.D. 667, 32 N.W.2d 106, 122 (1948). A court that enters a divorce decree has no authority to modify the decree sua sponte. *See Voth v. Voth*, 305 N.W.2d 656 (N.D.1981); *Bergstrom v. Bergstrom*, 296 N.W.2d 490 (N.D.1980) [changed circumstances must be shown by the parties]. Modification actions thus must be "presented in a formal way" for consideration; until a modification motion has been made, a divorce decree is final and binding. *See* NDCC § 14–14–12[3]; *Morley v. Morley*, 440 N.W.2d 493 (N.D.1989) ["if notice of appeal is not timely filed, a trial court's ruling is conclusive"].

2. NDCC § 14–05–22, in relevant part, provides,
    "Custody of Children—Visitation rights—Costs.
    1. In an action for divorce, the court, before or after judgment, may give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper, and may vacate or modify the same at any time. . . ."
    NDCC § 14–05–24 provides,
    "Permanent alimony—Division of property. When a divorce is granted, the court shall make such equitable distribution of the real and personal property of the parties as may seem just and proper, and may compel either of the parties to provide for the maintenance of the children of the marriage, and to make such suitable allowances to the other party for support during life or for a shorter period as to the court may seem just, having regard to the circumstances of the parties respectively. The court from time to time may modify its orders in these respects."

3. NDCC § 14–14–12 provides,
    "Binding force and res judicata effect of custody decree. A custody decree rendered by a court of this state which had jurisdiction under section 14–14–03 binds all parties who have been served in this state or notified in accordance with section 14–14–05 or who have submitted to the jurisdiction of the court, and who have been given an opportunity to be heard. As to these parties the custody decree is conclusive as to all issues of law and fact decided and as to the custody determination

■ Section 28–05–10 of the North Dakota Century Code provides,

> "When civil action deemed pending. A civil action in a district court is deemed to be pending from the time of its commencement until its final determination upon appeal or until the time for appeal has passed, unless the judgment is sooner satisfied."

Statutory definitions are generally applicable throughout the North Dakota Century Code, "except when a contrary intention plainly appears." NDCC § 1–01–09. We are convinced that the definition of a pending action found in section 28–05–10, NDCC, is consistent with the use of that term in Rule 26(b), NDRCivP, and that both are applicable to divorce actions. We hold that once a final determination has been made and the time for appeal has passed, a divorce decree is not "pending" until jurisdiction of the court is reinvoked by motion of a party.

■ The parties to this action were divorced in 1984. The divorce decree was final, and the time in which an appeal could have been taken upon the decree expired sixty days following entry of the original divorce decree. Rule 4(a), NDRAppP. No motion was made that would reinvoke the jurisdiction of the district court. The divorce action was thus no longer "pending" under section 28–05–10, NDCC, and discovery was not appropriate under Rule 26(b), NDRCivP.

■ Fichter argues that public policy requires that discovery be made available to her prior to making a motion to modify, in order to determine whether there has been a change of circumstances. We are in accord with other jurisdictions that believe public policy favors limiting discovery to "pending actions," even in the post-divorce setting. *See Plevy v. Plevy*, 438 So.2d 1053 (Fla.App. 4 Dist.1983); *Mattingly v. Mattingly*, 562 P.2d 1254 (Utah 1977). We have long rejected the use of discovery for "fishing expeditions" to determine whether or not claims exist. *See Harmon v. Mercy Hospital*, 460 N.W.2d 404 (N.D.1990). As this court noted in *Harmon, supra,* our pleading rules are liberal; after making a motion to modify, Fichter could permissibly attempt to "flesh out" her claim of changed circumstances, if this was the reason for seeking Kadrmas's deposition.

While Rule 26(c) provides for the issuance of protective orders where justice so requires, *see* Rule 26(c), NDRCivP, parties should only be required to seek such protection where discovery is itself sought in a "pending" action. *See* Rule 26(b), NDRCivP. The onus was upon Fichter to reinvoke the court's power over the divorce action through a motion that satisfied the requirements of Rule 11, NDRCivP.[4] Because no motion was yet before the court,[5] there was no action "pending" within the meaning of Rule 26(b), NDRCivP, and Rule 37(b), NDRCivP. The district court thus had no authority either to compel discovery or to impose sanctions for failure to make discovery.[6]

The contempt order of the district court is reversed.

SANDSTROM, NEUMANN, LEVINE and MESCHKE, JJ.

---

made unless and until that determination is modified pursuant to law, including the provisions of this chapter."

4. Juxtaposed to the liberal pleading rules, Rule 11, NDRCivP, authorizes the imposition of sanctions upon a party whose pleading or motion is interposed for an improper purpose, such as harassment. Rule 11 thus protects parties against discovery that is sought for such a purpose.

5. Rule 27(b), NDRCivP, governs the taking of depositions after judgment, but before the time for appeal has passed. Significantly, under Rule 27(b), a party must move the district court for leave to take a deposition; the motion must show who is to be examined, the expected substance of the testimony, and the circumstances necessitating perpetuation of the testimony. We find it illogical to conclude that once the time for appeal has passed parties could depose one another when no motion is before the court.

6. The North Dakota legislature has recently provided for the periodic review of child support orders by the child support agency. *See* NDCC §§ 14–09–08.4 to 14–09–08.9 (1991 & 1993 Supp.). This opinion is not to be read as construing those statutes.