Rolin Manufacturing v. Mosbrucker, 1997 ND 139, 566 N.W.2d 819|N.D. Supreme Court|
Rolin Manufacturing v. Mosbrucker, 1997 ND 139, 566 N.W.2d 819
[Go to Documents]
Filed July 17, 1997
IN THE SUPREME COURT
STATE OF NORTH DAKOTA
1997 ND 139
Rolin Manufacturing, Inc., Plaintiff and Appellant
v.
Jim Mosbrucker, Defendant
and
Bank Center First, Defendant and Appellee
Civil No. 970055
Appeal from the District Court for Morton County, South Central Judicial District, the Honorable Dennis A. Schneider, Judge.
REVERSED.
Opinion of the Court by Meschke, Justice.
John J. Gosbee (argued), of Gosbee Law Firm, 103 3rd Avenue N.W., Mandan, ND 58554-3129, for plaintiff and appellant.
Albert Wolf (argued), of Wheeler Wolf, P.O. Box 2056, Bismarck, ND 58502-2056, for defendant and appellee.
Rolin Manufacturing, Inc. v. Mosbrucker
Civil No. 970055
Meschke, Justice.
[¶1] Rolin Manufacturing Inc. appealed an amended judgment awarding Bank Center First costs and attorney fees for Rolin's previous appeal. We hold the trial court did not have authority to decide Rolin's previous appeal was frivolous, and we reverse the award of costs and attorney fees.
[¶2] In our prior opinion in Rolin Mfg., Inc. v. Mosbrucker, 544 N.W.2d 132 (N.D. 1996), we reversed and remanded a judgment dismissing Rolin's complaint against Mosbrucker, holding it stated claims for deceit and for the unpaid value of goods and services provided. We affirmed a dismissal of Rolin's complaint against Bank Center, holding it failed to state a claim for negligence, partnership by estoppel, or a violation of the Racketeer Influence and Corrupt Organization's Act. We also affirmed the trial court's decision that Rolin's complaint against Bank Center was frivolous, and we held the court did not abuse its discretion in awarding Bank Center $1,000 in attorney fees and $50 in costs for the frivolous pleading.
[¶3] In a brief statement at the end of its appellate brief and without making a formal motion under NDRAppP 27, Bank Center also asked us to rule Rolin's appeal was frivolous and to award it costs and attorney fees for defending that appeal. Our opinion did not address Bank Center's request, and our mandate specified Rolin was entitled to costs and disbursements from Mosbrucker under NDRAppP 39.
[¶4] On remand, Bank Center moved for costs and attorney fees against Rolin under NDRCivP 54(e) and NDRAppP 39(e), "including attorneys fees and costs for frivolous pleadings in the taking of the [prior] appeal to the Supreme Court of North Dakota, after the order of dismissal, and after an award of attorneys fees and costs for frivolous pleadings was entered in the trial court." The trial court decided Bank Center was entitled to costs and directed it to submit a statement of costs for responding to the appeal. Bank Center requested $75.00 in statutory costs for its appellee's brief and $1,582.20 in other costs and attorney fees. Rolin objected. The court approved Bank Center's request, citing NDRCivP 54(e). Rolin again objected. The court overruled Rolin's objection and reaffirmed its approval of Bank Center's request. Rolin appealed.
[¶5] Rolin argues the trial court did not have authority to decide the first appeal was frivolous. Rolin contends our rules of procedure give this Court exclusive authority to decide an appeal is frivolous. We agree.
[¶6] Our rules of civil procedure "govern the procedure in the district courts." NDRCivP 1. NDRCivP 11 authorizes "the court" to impose sanctions against counsel or the client for frivolous pleadings. See, for example, Federal Land of St. Paul v. Brakke, 417 N.W.2d 380, 381 (N.D. 1988). The language of NDRCivP 11, however, does not expressly authorize "the court" to decide an appeal is frivolous and, as we explained in Williams v. State, 405 N.W.2d 615, 624 (N.D. 1987), simply because we affirm a trial court's decision that a pleading is frivolous does not mean an appeal from the dismissal of that pleading is also frivolous.
[¶7] Our rules of appellate procedure "govern procedure in appeals to the supreme court." NDRAppP 1. Under NDRAppP 38, "[i]f the court determines that an appeal is frivolous, . . . it may award just damages and single or double costs including reasonable attorney's fees." The explanatory note to NDRAppP 38 says it "relates to an initial determination by the North Dakota Supreme Court. In contrast, § 28-26-01, NDCC, regarding 'frivolous' pleadings and § 28-26-31, NDCC, regarding 'untrue' pleadings made 'without reasonable cause and not in good faith' involve determinations that are to be made initially by the trial court." CompareBrakke, 417 N.W.2d at 381 (under NDRAppP 38, Supreme Court held appeal frivolous and awarded double costs and reasonable attorney fees for appeal, but remanded for trial court to decide the amount). See Matter of Will of Rub, 510 N.W.2d 583, 584 (N.D. 1994) (a request for costs and attorney fees incurred on appeal is most appropriately raised to, and decided by, Supreme Court).
[¶8] We have never explicitly considered whether a trial court has authority to decide if an appeal to this Court is frivolous, but our separate procedural rules for trials and appeals, when read together, counsel that the authority for that decision is vested with this Court. Also, the United States Supreme Court has considered the question under the comparable federal rules and, as we explained in Fisher v. Fisher, 546 N.W.2d 354, 355 (N.D. 1996), when our rules of procedure are similar to the corresponding federal rules, federal court interpretations of the federal rules are highly persuasive in interpreting our rules.
[¶9] In Cooter & Gell v. Hartmarx Corp., et. al, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), the Court held FRCivP 11, construed in light of the directive in FRCivP 1 that the rules of civil procedure "govern the procedure in United States district courts," does not authorize a trial court to award attorney fees incurred on appeal. The Court said FRAppP 38 places a natural limit on the scope of FRCivP 11 and authorizes a court of appeals to award single or double costs and reasonable attorney fees if the appellate court decides an appeal is frivolous. Under Cooter and the federal rules, a trial court does not have authority to decide an appeal is frivolous.
[¶10] Bank Center argues Cooter is not controlling because our decisions defer to a trial court's discretion in assessing attorney fees. See, e.g., Oliver v. City of Larimore, 540 N.W.2d 630 (N.D. 1995); Brakke v. Rudnick, 409 N.W.2d 326 (N.D. 1987). Those cases, however, were decisions about the amount of attorney fees and not about who should decide if an appeal is frivolous. See Brakke, 417 N.W.2d at 381 (Supreme Court decided appeal was frivolous and remanded to trial court to decide amount of attorney fees). Compare Ratajczak v. Ratajczak, 1997 ND 122, ¶31 (rejecting claim that appeal in divorce action was frivolous, but allowing trial court to consider awarding attorney fees for appeal under NDCC 14-05-23). Under our corresponding rules of procedure, the Cooterrationale is persuasive.
[¶11] NDRCivP 54(e), cited by the trial court as authority for its decision, does not require a different result. When the trial court decided this issue, NDRCivP 54(e) outlined a procedure for costs and disbursements authorized by statute and, as in Cooter, was governed by the limitations of NDRCivP 1.(1) NDRCivP 54(e) did not authorize the trial court to decide Rolin's prior appeal was frivolous.
[¶12] NDRAppP 39(e) authorizes the trial court to tax certain costs on appeal, including a presumed amount of $75.00 for preparing an appellee's brief. NDRAppP 39(a) designates the parties allowed costs on appeal and directs, "if a judgment is affirmed or reversed in part, or is vacated, costs shall be allowed only as ordered by the court." Here, the judgment in the prior appeal was affirmed in part and reversed in part, and the mandate specified Rolin was entitled to recover "from Jim Mosbrucker costs and disbursements on this appeal as provided in Rule 39, NDRAppP, to be taxed and allowed in the court below." Under our specific mandate, the trial court did not have authority to award Bank Center $75.00 in costs from Rolin for preparing an appellee's brief in the prior appeal.
[¶13] We hold the trial court did not have authority to decide Rolin's prior appeal was frivolous,(2) or to award Bank Center costs under NDRAppP 39(e). We therefore reverse the trial court's award of costs and attorney fees for the prior appeal.
[¶14]
Herbert L. Meschke
Mary Muehlen Maring
William A. Neumann
Dale V. Sandstrom
Gerald W. VandeWalle, C.J.
Footnotes:
1. Effective March 1, 1997, we amended NDRCivP 54(e) in conjunction with an amendment to NDRAppP 4(a). As amended, NDRCivP 54(e)(1) now describes the procedure for awarding costs and disbursements authorized by statute, NDRCivP 54(e)(2) outlines a motion procedure for claims for attorney fees not determined by the judgment, and NDRAppP 4(a) tolls the time for appeal upon the filing of a motion for attorney fees under NDRCivP 54(e). CompareCity of Grand Forks v. Henderson, 297 N.W.2d 450, 453 (N.D. 1980) (motion to amend judgment to include attorney fees treated as NDRCivP 59 motion that tolls the time for appeal). Those amendments toll the time for appeal if a timely motion for attorney fees is filed before a notice of appeal is filed, and also authorize a trial court to decide a timely motion for attorney fees that is filed after a notice of appeal is filed. Those amendments were designed to avoid piecemeal appeals of the merits of an action and of a determination of attorney fees, see January 25-26, 1996 Minutes of Joint Procedure Committee, pp. 7-10, and they do not authorize a trial court to decide an appeal is frivolous. 2. Because we conclude the trial court did not have authority to decide the previous appeal was frivolous, we do not decide the effect of Bank Center's earlier, informal request for a ruling that the appeal was frivolous. There is some authority that a motion is deemed denied if a court does not rule on it. See Atchison, Topeka & Santa Fe Ry. Co. v. Porr, 96 Ariz. 13, 391 P.2d 575, 577 (1964); Berna-Mork v. Jones, 173 Wis.2d 733, 496 N.W.2d 637, 641 (Wis.App. 1992). See also60 CJS Motions and Orders §38 (1969). Here, Bank Center did not formally move for attorney fees under NDRAppP 27. Instead, Bank Center made an informal request in a concluding statement in its appellate brief in the appeal, and we did not address the request in our prior opinion. A formal motion would have clarified any uncertainty about the status of Bank Center's request. Still, if we had concluded Rolin's appeal was frivolous, our opinion would have expressly said so.