1999 ND 65

Beverly J. JORGENSON, f/k/a Beverly J. Ratajczak, Plaintiff and Appellee,

v.

Ervin S. RATAJCZAK, Defendant and Appellant.

No. 980255.

Supreme Court of North Dakota.

April 9, 1999.

Kevin J. Deitz, of Gjesdahl & Deitz, PLLP, Fargo, ND, for plaintiff and appellee.

Jonathan T. Garaas, of Garaas Law Firm, Fargo, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Ervin Ratajczak appeals from an order adopting a judicial referee's decision awarding Beverly Jorgenson $11,614.30 in attorney fees for proceedings stemming from a prior appeal in their divorce action. We hold Jorgenson's request for attorney fees for the prior appeal was timely, and the trial court did not err in adopting the referee's decision awarding Jorgenson attorney fees for those proceedings. We also conclude Jorgenson is entitled to attorney fees for this appeal, and we remand to the trial court for a determination of those fees. We affirm and remand.

I

[¶ 2] In *Ratajczak v. Ratajczak*, 1997 ND 122, ¶ 30, 565 N.W.2d 491, we affirmed a divorce decree ordering Ratajczak to pay Jorgenson $2,500 per month for spousal support. During oral argument in that appeal, Jorgenson claimed Ratajczak's appeal was frivolous and asked us to award her attorney

fees for the appeal. We declined to rule Ratajczak's appeal was frivolous, but we said Jorgenson was "entitled to request the district court to consider an award of attorney's fees based on need and equity. N.D.C.C. § 14–05–23." *Ratajczak*, 1997 ND 122, ¶ 31, 565 N.W.2d 491.

[¶ 3] On July 28, 1997, this Court's mandate and judgment was filed in the trial court. On October 10, 1997, Jorgenson moved under N.D.C.C. § 14–05–23 for attorney fees for the prior appeal. Ratajczak resisted Jorgenson's motion, contending it was not timely and she was not entitled to attorney fees.

[¶ 4] After a protracted hearing, a referee awarded Jorgenson $8,964.12 in attorney fees for the prior appeal. The referee also awarded Jorgenson $2,650.18 in additional attorney fees, because Ratajczak's conduct in opposing Jorgenson's post-appeal motion had unreasonably increased the time spent on the motion. After a review on the record, the trial court adopted the referee's decision, concluding Jorgenson's motion was timely because it was made within a reasonable time, the referee's findings of fact were not clearly erroneous, and the referee did not err in awarding Jorgenson $11,614.30 in attorney fees. Ratajczak appealed.

## II

[¶ 5] When a trial court reviews a judicial referee's decision on the record, the court examines the referee's findings of fact under the clearly erroneous standard. *Mehl v. Mehl*, 545 N.W.2d 777, 780 (N.D.1996); *Benson v. Benson*, 495 N.W.2d 72, 77 (N.D. 1993). A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, although there is some evidence to support it, a reviewing court on the entire record is left with a definite and firm conviction a mistake has been made. *Schmitz v. Schmitz*, 1998 ND 203, ¶ 5, 586 N.W.2d 490. A referee's conclusions of law are fully reviewable. *Steffes v. Steffes*, 1997 ND 49, ¶ 8, 560 N.W.2d 888; *Mehl* at 780.

## III

[¶ 6] Ratajczak argues the trial court lacked jurisdiction to award Jorgenson attorney fees for the prior appeal, because her motion was not timely under N.D.C.C. § 14–05–23 and N.D.R.Civ.P. 54(e)(2).

### A

[¶ 7] Section 14–05–23, N.D.C.C., authorizes attorney fees for appeals in divorce actions, *see Hendrickson v. Hendrickson*, 553 N.W.2d 215, 220 (N.D.1996), and provides "[d]uring any time in which an action for divorce is pending, the court, upon application of a party, may issue an order ... for the payment of attorney fees." Under N.D.R.Civ.P. 54(e)(2), a claim for attorney fees not determined by the judgment must be made by motion within fifteen days after notice of entry of judgment.

[¶ 8] Ratajczak argues there was no action "pending" under N.D.C.C. § 14–05–23 when Jorgenson moved for attorney fees in the trial court, and her motion was not timely because it was not made within fifteen days of the mandate in his prior appeal.

[¶ 9] In *Fichter v. Kadrmas*, 507 N.W.2d 72, 74 (N.D.1993), we acknowledged a divorce court's continuing jurisdiction over support and custody issues. There, after a divorce decree became final and without a motion to reinvoke the court's jurisdiction, an ex-wife sought to depose her ex-husband to update information for child support. *Id.* at 73 n. 1. We held "once a final determination has been made and the time for appeal has passed, a divorce decree is not 'pending' until jurisdiction of the court is reinvoked by motion of a party." *Id.* at 75.

[¶ 10] Here, Jorgenson asked this Court to award her attorney fees while the prior appeal was pending, and we specifically addressed her request by stating she was entitled to ask the trial court for attorney fees under N.D.C.C. § 14–05–23. Although Ratajczak claims that statement was dictum, it originated in the context of a specific request in this Court for appellate attorney fees and provided direction for further action. Without Jorgenson's prior request and our directive, a request to a trial court for attorney fees for appeal ordinarily must be made un-

der N.D.R.Civ.P. 54(e)(2) within fifteen days after our mandate is filed in the trial court. We conclude, however, Jorgenson's request in this Court during the prior appeal and our directive extended the pending action within the meaning of N.D.C.C. § 14–05–23. We further conclude Jorgenson had a reasonable time to implement our directive, and we agree with the trial court's decision Jorgenson's request for attorney fees was made to that court within a reasonable time.

## B

[¶ 11] Ratajczak argues the trial court erred in awarding Jorgenson attorney fees for the prior appeal, because the parties stipulated they would each bear their own fees and costs "incurred herein" and their stipulation was incorporated into the judgment. He contends their contractual agreement unambiguously covered attorney fees incurred at trial and on appeal.

[¶ 12] Initially, the parties stipulated to all matters except spousal support. Under the stipulation, the parties agreed to the division of their marital property and to payment of their own attorney fees "incurred herein." The parties' stipulation and the court's subsequent spousal support award were incorporated into a judgment that was the subject of the prior appeal.

[¶ 13] When a stipulation is incorporated into a divorce decree, our focus is on the interpretation and enforcement of the judgment, not on the underlying contractual obligations. *Botner v. Botner,* 545 N.W.2d 188, 190 (N.D.1996); *Sullivan v. Quist,* 506 N.W.2d 394, 399 (N.D.1993). The interpretation of a judgment is a question of law, which is fully reviewable. *Knoop v. Knoop,* 542 N.W.2d 114, 117 (N.D.1996).

[¶ 14] Here, the judgment required each party to bear their own attorney fees "incurred herein." We construe that clear language to require each party to bear their own attorney fees through proceedings leading up to entry of the judgment and not to forever bar an award of attorney fees necessitated by subsequent proceedings, including an appeal. We conclude the judgment does not preclude the trial court from awarding Jorgenson attorney fees for Ratajczak's prior appeal.

## IV

[¶ 15] Ratajczak argues the trial court erred in awarding Jorgenson attorney fees incurred for the prior appeal and for pursuing her motion to recover those fees in the trial court.

[¶ 16] In *Bakes v. Bakes,* 532 N.W.2d 666, 669 (N.D.1995), we outlined the standard for awarding attorney fees in divorce actions:

> The trial court has authority in a divorce case to award attorney fees for proceedings in the trial court and upon appeal. N.D.C.C. § 14–05–23. The principal standards guiding an award of attorney fees in a divorce action are one spouse's need and the other's ability to pay. *Foreng v. Foreng,* 509 N.W.2d 38, 41 (N.D.1993). The court should consider the property owned by each party, their relative incomes, whether property is liquid or fixed assets, and whether the action of either party has unreasonably increased the time spent on the case. *Lucy v. Lucy,* 456 N.W.2d 539, 544 (N.D.1990). We will not overturn an award of attorney fees unless the trial court abused its discretion. *Foreng,* 509 N.W.2d at 41.

[¶ 17] A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, or if it misinterprets or misapplies the law. *See Jarvis v. Jarvis,* 1998 ND 163, ¶ 8, 584 N.W.2d 84. *In Matter of Conservatorship of Kinney,* 495 N.W.2d 69, 71 (N.D.1993), we explained a court acts arbitrarily, unreasonably, or unconscionably when its exercise of discretion is not the product of a rational mental process by which the facts of record and law relied upon are stated and are considered together for the purpose of achieving a reasoned and reasonable determination.

## A

[¶ 18] Ratajczak raises a plethora of issues in which he essentially argues Jorgenson failed to show her need for, or his ability to pay, attorney fees for the prior appeal.

He contends Jorgenson is able to pay her own attorney fees and argues the referee's decision failed to consider and properly weigh Jorgenson's monthly expenses and all of her income. He claims Jorgenson submitted false testimony and false affidavits about her expenses and income, which precludes an award of attorney fees. He argues the referee erred in not giving him favorable inferences, because Jorgenson was evasive and withheld information about how she spent her income and marital property award. He claims Jorgenson does not need an award of attorney fees, because she used her property distribution to pay her attorney fees.

[¶ 19] In the prior appeal, we told Ratajczak that Jorgenson need not dissipate her property award for living expenses. *Ratajczak,* 1997 ND 122, ¶ 30, 565 N.W.2d 491. Similarly, Jorgenson should not be penalized for using her property award to pay attorney fees, and her need for an award of attorney fees incurred in the prior appeal is not diminished simply because she may have already paid her attorney. The issue is not whether Jorgenson used her marital property settlement to pay her attorney; rather, the issue is the parties' needs and ability to pay, which requires a court to consider each party's property, their relative incomes, the liquidity of each party's property, and whether either party has unreasonably increased the time spent on the case. *Bakes,* 532 N.W.2d at 669.

[¶ 20] The referee considered evidence about the parties' relative financial positions introduced at the initial spousal support proceeding. That evidence indicated Ratajczak's income had gradually increased over the past ten years to approximately $100,000 annually while Jorgenson had never earned more than $10,000 annually. The referee said Jorgenson was currently earning $6.00 per hour as a cook, and Ratajczak had submitted no evidence his income had decreased since the initial spousal support proceeding. After itemizing extensive evidence about the parties' relative financial circumstances and observing Ratajczak had offered no evidence to refute statements in Jorgenson's affidavit, the referee found

It is plain on this motion, as it was at trial and on appeal, that [Ratajczak was] using

the process of this Court and his superior financial resources, to figuratively cripple [Jorgenson] and to avoid his Judgment obligations.

. . . .

[Ratajczak] substantially and unduly increased the time both the Court and [Jorgenson] were required to devote to this motion. He persistently advanced arguments after they had been rejected by the Court. He repeatedly asked questions after objections had been sustained thereto.

. . . .

Both the trial Court and the North Dakota Supreme Court reiterated the need to try to "balance the burden created by a divorce when it is impossible to maintain two households at the pre-divorce standard of living." Because of [Ratajczak's] litigation tactics and his nonpayment of the full amount of his spousal support, such a balancing has most definitely not taken place. By way of the parties' divorce and the continued scorched earth litigation tactics of [Ratajczak, Jorgenson] has been left a pauper. Her level of need could scarcely be more great.

[Ratajczak's] financial abilities did not require him to deplete that portion of the marital estate distributed to him. His living expenses decreased after Judgment issued herein. He earns substantial amounts each year, the last evidence received in this case disclosing annual income of approximately $100,000. He lives a comfortable lifestyle. His ability to lend assistance with [Jorgenson's] attorney's fees is great.

[¶ 21] Ratajczak essentially asks us to weigh the evidence differently than the referee. We decline Ratajczak's invitation to reweigh the evidence. *See Kluck v. Kluck,* 1997 ND 41, ¶ 14, 561 N.W.2d 263 (explaining reviewing court does not retry case or reassess witness credibility). The referee relied heavily upon the parties' needs and ability to pay, coupled with Ratajczak's litigation tactics, to award Jorgenson attorney fees. The referee's findings about the parties' needs and ability to pay and their relative financial circumstances are not clearly erroneous. The referee's decision to award Jorgenson $8,964.12 for attorney fees for the prior appeal is the product of a rational mental pro-

cess by which the facts and law relied upon are considered together to achieve a reasoned and reasonable determination. The referee's decision to award Jorgenson $8,964.12 in attorney fees for the prior appeal was not arbitrary, unreasonable, or unconscionable and therefore was not an abuse of discretion. We hold the trial court did not err in adopting the referee's decision.

**B**

[¶ 22] Ratajczak argues the trial court erred in awarding Jorgenson attorney fees incurred in bringing her motion for attorney fees for the prior appeal. He argues Jorgenson's motion for attorney fees for the appeal did not ask for attorney fees incurred in bringing the motion.

[¶ 23] A notice of motion and motion are sufficient if the motion and attached documents are sufficiently precise to advise the adversary and the court of the issue involved. *Bloom v. Fyllesvold,* 420 N.W.2d 327, 331 (N.D.1988); *Eisenbarth v. Eisenbarth,* 91 N.W.2d 186, 188 (N.D.1958). In *Eisenbarth* at 188, we ruled a notice of motion was sufficient to permit modification of a defendant's child support obligation where the notice requested "an order requiring the defendant to pay that second mortgage" and "for such other relief as to the court may seem just and equitable."

[¶ 24] Jorgenson's motion for attorney fees for the prior appeal asked "for such other relief as the Court deems just," and her attorney's simultaneous affidavit in support of the motion identified "that at least $200 will be billed to [Jorgenson] as a result of this motion." At the hearing, Jorgenson's attorney testified Jorgenson had incurred about $3,000 in attorney fees for bringing the motion. Under these circumstances, we conclude Jorgenson's notice was sufficient to advise Ratajczak she was seeking attorney fees for bringing the motion.

[¶ 25] The referee found a substantial portion of the $3,150.18 in additional attorney fees incurred by Jorgenson in bringing her motion for fees for the appeal related to a deposition of Jorgenson's counsel by Ratajczak. The referee also found Ratajczak had "substantially and unduly" increased the time spent on Jorgenson's motion by persistently advancing arguments after they had been rejected and by repeatedly asking questions after objections had been sustained. The referee cited Ratajczak's "scorched earth litigation tactics" and ordered him to pay Jorgenson $2,650.18 for attorney fees incurred in bringing her motion. We fully agree with the referee's characterization of Ratajczak's litigation tactics. The referee's award of those attorney fees was not arbitrary, unreasonable, or unconscionable. We hold the trial court did not err in adopting the referee's decision regarding those fees.

**V**

[¶ 26] Jorgenson asks for attorney fees for this appeal. Jorgenson's affidavit in support of her request says she will incur "anywhere from $5,000 to $7,000" in additional attorney fees for this appeal. We agree Jorgenson is entitled to attorney fees for this appeal. Her affidavit does not specifically document her attorney fees for appeal, and her attorneys have not submitted an affidavit explicitly documenting their fees. *See First Trust Co. v. Conway,* 423 N.W.2d 795, 796–97 (N.D.1988) (suggesting if more than a token amount of attorney fees is sought for appeal, the request should be accompanied by an affidavit documenting the work performed on appeal). We therefore remand for a determination of the amount of reasonable attorney fees for this appeal. The trial court may decide the amount of attorney fees after considering affidavits from both parties, or after an evidentiary hearing. In deciding the amount of attorney fees, we caution Ratajczak and counsel that N.D.R.Civ.P. 11 also applies to proceedings in the trial court. *See Rolin Mfg., Inc. v. Mosbrucker,* 1997 ND 139, ¶ 6, 566 N.W.2d 819.

[¶ 27] Affirmed and remanded with instructions.

[¶ 28] VANDE WALLE, C.J., SANDSTROM, NEUMANN, JJ., and WILLIAM W. McLEES, D.J., concur.

[¶ 29] WILLIAM W. McLEES, D. J., sitting in place of MARING, J., disqualified.