2014 ND 37

**Jason BALVITSCH and Chad Weisgram, Plaintiffs and Appellees**

v.

**DAKOTA BURGER N FRIES CORPORATION and Jon Tollefson, Defendants.**

**Jon Tollefson, Appellant.**

**No. 20130202.**

Supreme Court of North Dakota.

Feb. 18, 2014.

Michael L. Gust (argued) and Tyler S. Carlson (on brief), Fargo, N.D., for plaintiffs and appellees.

Jon R. Tollefson, Detroit Lakes, Minn., defendant and appellant; self-represented.

KAPSNER, Justice.

[¶ 1] Jon Tollefson appeals from a district court order holding him in contempt of court and ordering him to pay $750 in attorney's fees to Jason Balvitsch and Chad Weisgram. We reverse, concluding Tollefson did not have adequate notice of the contempt proceeding.

I

[¶ 2] Balvitsch and Weisgram sued Tollefson for breach of contract, conversion, unjust enrichment, and other claims. The district court held a scheduling conference on February 8, 2013.

[¶ 3] On April 12, 2013, Balvitsch and Weisgram moved to hold Tollefson in contempt, alleging Tollefson failed to obey a February 8, 2013, order instructing Tollefson not to make any further attacks on the parties and other non-party individuals during the course of the litigation. Balvitsch and Weisgram alleged the court ordered Tollefson at the scheduling conference to stop all attacks against a non-party individual and to stick to the facts of the case during the litigation. They alleged Tollefson ignored the court's order by threatening to launch websites defaming Weisgram and the non-party individual. Balvitsch and Weisgram filed an affidavit with attached exhibits to support their allegations.

[¶ 4] On April 12, 2013, the court entered an order to show cause. The order to show cause noted the time and place for the contempt hearing and ordered that Tollefson appear and show cause "why an Order should not be had and why you should not be held and charged to be in Contempt of Court, for your failing to obey a court Order issued February 8, 2013, instructing you to make no further attacks on parties and non-party individuals."

[¶ 5] On April 29, 2013, the court held a hearing on the order to show cause. After the hearing, the court found Tollefson was in contempt and ordered sanctions, stating:

Based upon the filings on record with the Court, including, but not limited to, [Balvitsch and Weisgram's] Motion for Contempt and the Affidavit of [Balvitsch and Weisgram's attorney], as well as the arguments during the hearing of April 29, 2013, the Court hereby finds Jon

Tollefson to be in contempt of court. As a sanction for Jon Tollefson's contempt, Tollefson must pay attorney's fees to [Balvitsch and Weisgram] in the amount of $750 within fourteen (14) days of the date of this Order.

## II

[¶ 6] Contempt of court includes the "[i]ntentional disobedience, resistence, or obstruction of the authority, process, or order of a court or other officer, including a referee or magistrate[.]" N.D.C.C. § 27–10–01.1(1)(c). A court may impose remedial or punitive sanctions for contempt. N.D.C.C. § 27–10–01.2. Payment of money to compensate a party, including for costs and expenses incurred as a result of the contempt, is a remedial sanction. N.D.C.C. § 27–10–01.4(1)(a). Section 27–10–01.3(1)(a), N.D.C.C., provides the procedural requirements for imposing remedial sanctions, and states:

> The court on its own motion or motion of a person aggrieved by contempt of court may seek imposition of a remedial sanction for the contempt by filing a motion for that purpose in the proceeding to which the contempt is related. The court, after notice and hearing, may impose a remedial sanction authorized by this chapter.

In addition to the procedure set out in N.D.C.C. § 27–10–01.3, when an act punishable as contempt is not committed in the court's presence, the court may "[o]rder the accused to show cause at a specified time and place why the accused should not be punished for the alleged offense[.]" N.D.C.C. § 27–10–07.

[¶ 7] Section 27–10–01.3, N.D.C.C., requires *notice* and *hearing* before a court may impose a remedial sanction for contempt. *See also Holkesvig v. Welte*, 2012 ND 14, ¶ 11, 809 N.W.2d 323. An order to show cause is equivalent to a

notice of motion and provides notice of the contempt proceedings. N.D.C.C. § 27–10–08. The notice must be sufficiently precise to advise the contemnor of the issues involved. *Cf. Jorgenson v. Ratajczak*, 1999 ND 65, ¶ 23, 592 N.W.2d 527 (a notice of motion and motion are adequate if they are sufficiently precise to advise the adversary and the court of the issue involved). "A failure to follow the procedural dictates of N.D.C.C. § 27–10–01.3 is fatal to a court's order of contempt and the resulting sanction." *Holkesvig*, at ¶ 11.

[¶ 8] Furthermore, due process requires that the contemnor receive notice and a fair hearing when the alleged contempt involves conduct occurring outside the court's presence. *See Baier v. Hampton*, 417 N.W.2d 801, 806 (N.D.1987); *see also Groppi v. Leslie*, 404 U.S. 496, 502–03, 92 S.Ct. 582, 30 L.Ed.2d 632 (1972). To adequately provide notice for purposes of due process, the contemnor is entitled to "notice reasonably calculated, under all the circumstances, to apprise [him] of the pendency of the action and afford [him] an opportunity to present [his] objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The purpose of the notice requirement is to inform the contemnor of the nature of the proceedings so there is no unfair surprise and to enable the contemnor to prepare a defense. *See Autotech Tech. LP v. Integral Research & Dev. Corp.*, 499 F.3d 737, 748 (7th Cir. 2007); *see also Morrell v. North Dakota Dep't of Transp.*, 1999 ND 140, ¶ 9, 598 N.W.2d 111.

[¶ 9] In this case, the order to show cause gave Tollefson notice of the time and place for the hearing, and stated the purpose of the hearing was to determine whether Tollefson should be held in contempt for "failing to obey a court Order

issued February 8, 2013, instructing [Tollefson] to make no further attacks on parties and non-party individuals." However, there is not a written order entered or dated February 8, 2013, in the record and the written order entered after the scheduling conference does not include a provision instructing Tollefson not to make any further attacks on the parties or non-party individuals. Balvitsch and Weisgram's contempt motion and their brief on appeal claimed the district court gave Tollefson an oral order during the February 8, 2013, scheduling conference. Upon our review of the transcript of the scheduling conference, we find it does not support Balvitsch and Weisgram's contention.

[¶ 10] During the contempt hearing, the district court stated it remembered entering a protective order prohibiting Tollefson from making any further allegations against a non-party individual, but the court did not give any further explanation about that order. The court found Tollefson violated the order and stated it was awarding sanctions on that basis. The court's contempt order states its contempt finding is based on the filings in the record, including the motion for contempt and supporting affidavit, and the arguments made during the contempt hearing. The notice only referenced a February 8, 2013, order. The court's decision was not limited to whether Tollefson failed to comply with a February 8, 2013, order.

[¶ 11] At oral argument, Balvitsch and Weisgram claimed the district court ordered Tollefson "multiple times at multiple hearings" not to attack any of the parties or other non-party individuals and Tollefson did not comply with these orders. Although the court may have repeatedly ordered Tollefson not to attack any of the parties or other non-party individuals during other hearings, there is no evidence of that in the record prior to the contempt

hearing. The due process requirements of adequate notice and a fair hearing must be satisfied. The order to show cause did not adequately inform Tollefson of the nature of the charges and give Tollefson an opportunity to prepare a defense. There is not a February 8, 2013, order instructing Tollefson not to attack parties or non-party individuals, and therefore it is not clear from the notice which order Tollefson was alleged to have disobeyed and what was the basis for the contempt charge. The order to show cause did not properly inform Tollefson of the nature of the charges, and there is no evidence that Tollefson received any other type of notice prior to the hearing. We conclude Tollefson did not receive adequate notice and due process requirements were not satisfied.

## III

[¶ 12] Because due process requirements were not satisfied and Tollefson did not receive adequate notice, we reverse the district court's order holding Tollefson in contempt.

[¶ 13] GERALD W. VANDE WALLE, C.J., ALLAN L. SCHMALENBERGER, S.J., DANIEL J. CROTHERS, J., concur.

[¶ 14] The Honorable ALLAN L. SCHMALENBERGER, S.J., sitting in place of MARING, J., disqualified.

[¶ 15] The Honorable LISA FAIR McEVERS was not a member of the Court when this case was heard and did not participate in this decision.

SANDSTROM, Justice, concurring specially.

[¶ 16] I would reverse because the specified order Tollefson allegedly violated did not exist.

[¶ 17] The majority says, at ¶ 11, "[I]t is not clear from the notice which order Tollefson was alleged to have disobeyed." But, in fact, it is clear from the notice that Tollefson was alleged to have violated the February 8, 2013, order:

> IT IS HEREBY ORDERED, that you appear in person and show cause before this court at a hearing to be held at the Cass County Courthouse, 211 9th Street South, Fargo, ND on April 29, 2013 at 3:15 p.m. on said day, or as soon thereafter as counsel can be heard, why an Order should not be had and why you should not be held and charged to be in Contempt of Court, for your failing to obey *a court Order issued February 8, 2013, instructing you to make no further attacks on parties and non-party individuals.*

(Emphasis added.)

[¶ 18] To be held in contempt of a specified court order, the order specified must exist. N.D.C.C. § 27–10–01.1(1)(c) (" 'Contempt of court' means ... [i]ntentional disobedience ... of the ... order of a court."). Here the record reflects that the specified February 8, 2013, order does not exist. No amount of due process notice of the alleged violation of a non-existent order would have permitted holding Tollefson in contempt for having violated it. A person cannot be held in contempt for violating a non-existent court order. It is not a matter of notice and opportunity for a hearing; it is a matter of the elements of the offense not being present.

[¶ 19]   DALE V. SANDSTROM.